JAMES BLESSINGTON *vs.* CITY OF BOSTON.

Suffolk.    January 20, 1891. — March 4, 1891.

Present: FIELD, C. J., W. ALLEN, C. ALLEN, HOLMES, & MORTON, JJ.

*Way — Defect — Municipal Liability — Momentary Negligence.*

The Pub. Sts. c. 52, § 18, only provide that a city or town shall not be liable in case of an injury from a defect in a way unless the defect could have been remedied by the exercise on its part of reasonable care and diligence, and do not change the rule of law as to what constitutes reasonable care and diligence.

If a city sees fit to intrust to the employees of a street railway company the duty of keeping properly guarded a defect which it knows to exist in a highway, it is responsible, under the Pub. Sts. c. 52, § 18, to one injured thereby through their negligence, whether momentary or otherwise.

TORT, under the Pub. Sts. c. 52, § 18, for personal injuries occasioned to the plaintiff by a defect in Causeway Street in Boston.

At the trial in the Superior Court, before *Staples*, J., there was evidence tending to prove the following facts. A trench was dug for a sewer or drain in Causeway Street, a much travelled highway in the city of Boston, under a permit duly issued by the city, extending from the building numbered 55 in that street across the sidewalk and into the carriageway under the tracks of the West End Street Railway Company. This trench was guarded on the south side by a fence and wooden horse stretched across the sidewalk and into the gutter, and the

remainder of its length in the carriageway and across the track by another horse. Upon the outer end of this horse was placed a lantern. The only persons guarding the excavation were two employees of the railway company, whose duty it was to move the wooden horse for the passage of cars, twenty of which passed over the trench every hour. The defendant city had stationed no men there, but its officers knew of the existence of the trench and how it was guarded, and, from their knowledge of the number of cars passing the place hourly, had reason to believe that the barrier guarding the trench would be frequently moved. About seven o'clock in the evening of September 20, 1889, the street railway employees improperly moved the horse standing in the carriageway so as to leave an opening between the end of the fence and the horse. Just afterwards, the plaintiff in coming along the sidewalk from the south reached the fence, then turned and walked into the carriageway to the end of it, and then turned and walked through this opening, and fell into the trench and was injured.

The defendant asked the court to instruct the jury, that, if the city had exercised reasonable care and diligence to guard the hole and prevent the accident or injury, it would not be responsible for the momentary negligence of one of the railway company's employees. The judge refused to give said instruction, and instructed the jury, among other instructions, as follows : " It is a question purely of fact for you whether such barriers or safeguards existed in this case as were reasonably required. No rule of law can be laid down except this general one, that the city must, either by lights, bars, or boards, or in some other way, provide a reasonable safeguard. In ordinary cases, the city would not be liable if those barriers or safeguards were removed by others; but in this case it is competent for the jury to consider the fact that it was known that horse cars would pass the barrier in question, and that it would frequently have to be removed in order that the cars might pass over the trench; and it is for the jury to say, under all the circumstances of the case, whether this barrier was sufficient, whether this was all the city should have done, or whether other precautions, such as planking over the hole, and stationing officers or servants there to warn people, should have been adopted. It is of no manner of consequence in this case

to inquire whether there was a liability on the part of the West End Company. The city was bound to take measures to guard that trench, and if the city trusted to the agents of this company properly to guard the hole, the city is liable for their negligence, because it intrusted to them a duty which belonged to itself. It is a duty devolving on them reasonably to guard those premises, and if these agents are negligent it must take the consequences of it. The authority of the city over the street was not abridged by the existence of the railway, and they were therefore liable for the negligence of the railway company in this respect. Did the city do what was reasonably incumbent upon it to do for the safety of travellers, taking into view what the city knew, or ought to have known, in relation to the use of the railway, and the necessity of frequently removing the barriers, and as to the manner in which they might be removed, or naturally could be removed?"

The jury returned a verdict for the plaintiff; and the defendant alleged exceptions.

*T. M. Babson,* for the defendant.

*F. Ranney,* for the plaintiff.

MORTON, J. The only exception now insisted on by the defendant is the exception to the refusal of the court below to give the following instruction, and to the instructions actually given upon this point: " If the city had exercised reasonable care and diligence to guard the hole and prevent the accident or injury, it would not be responsible for the momentary negligence of one of the railway company's employees." The court instructed the jury, among other things not objected to, as follows: " It is a question purely of fact for you whether such barriers or safeguards existed in this case as were reasonably required. . . . The city must, either by lights, bars, or boards, or in some other way, provide a reasonable safeguard. In ordinary cases, the city would not be liable if those barriers or safeguards were removed by others; but in this case it is competent for the jury to consider the fact that it was known that horse cars would pass the barrier in question, and that it would frequently have to be removed in order that the cars might pass over the trench; and it is for the jury to say, under all the circumstances of the case, whether this barrier was sufficient, whether this was all the

city should have done, or whether other precautions, such as planking over the hole, and stationing officers or servants there to warn people, should have been adopted. . . . If the city trusted to the agents of this company properly to guard the hole, the city is liable for their negligence, because it intrusted to them a duty which belonged to it. . . . If these agents are negligent it must take the consequences of it. . . . Did the city do what what was reasonably incumbent upon it to do for the safety of travellers, taking into view what the city knew, or ought to have known, in relation to the use of the railway, and the necessity of frequently removing the barriers, and as to the manner in which they might be removed, or naturally could be removed?"

We think the instructions thus given stated the law accurately, and with sufficient fulness. The city knew of the existence of the trench, and of its depth and extent. It knew also that the barriers would need to be frequently removed to accommodate passing cars, and that the street was much travelled at this place; and it knew still further, that the railroad company had stationed two men there for the purpose of moving and replacing the barriers. It adopted no additional safeguards of its own, and took no further steps for the protection of those having occasion to pass along the street. It evidently trusted to the railroad company and its servants to exercise proper care to prevent an accident or injury to any one. And it was eminently a question of fact for the jury, whether the defendant, in view of all the circumstances, had or had not exercised reasonable care and diligence. The Pub. Sts. c. 52, § 18, do not change the rule of law as to what constitutes reasonable care and diligence; but only provide that, in case of injury from a defect in a way, a city or town shall not be liable unless the defect could have been remedied by the exercise of reasonable care and diligence on the part of the city or town. *Gorham* v. *Gross*, 125 Mass. 232. *Rooney* v. *Randolph*, 128 Mass. 580. It was the duty of the city under that statute to use reasonable care and diligence to see that its highways and streets were safe for travellers thereon. The fact that the accident to the plaintiff was due to the momentary failure of the servants of the railroad company to replace the barriers would not relieve the defendant from liability. The defendant saw fit to intrust to

the servants of the railroad company the duty of keeping the trench properly guarded, and it is responsible for their neglect, whether momentary or otherwise. *Prentiss* v. *Boston,* 112 Mass. 43. *Woodman* v. *Metropolitan Railroad,* 149 Mass. 335. *Tarry* v. *Ashton,* 1 Q. B. D. 314. *Bower* v. *Peate,* 1 Q. B. D. 321. *Pickard* v. *Smith,* 10 C. B. (N. S.) 470. *Circleville* v. *Neuding,* 41 Ohio St. 465.          *Exceptions overruled.*