FRANK P. LAMB v. THE CITY OF CEDAR RAPIDS, Appellant.

**Negligence:** STREETS. The responsibility of a municipal corporation for the condition of its streets extends to natural defects and obstructions permitted to remain when the street is opened for public use, it being assumed for the purpose of this case that such responsibility does not attach where the defect is outside of so much of the street as is customarily used by the public.

NOTICE. Where a city has sufficient notice of an alleged defect in a street, it is liable for injuries caused thereby, where it fails, in the exercise of reasonable care, to remove or remedy the defect.

**Instructions:** DAMAGES. In an action for personal injuries, an instruction to allow plaintiff such an amount as "you believe from the evidence he was justly entitled to," refers as well to future as to past damages, it requires the jury to make such allowance for future damages as it believed from the evidence plaintiff is entitled to, and it is not erroneous for indefiniteness.

SAME. An instruction in an action to recover for negligent injuries is not erroneous for failure to give any rule for estimating the amount to be allowed for loss of future earnings, where it tells the jury to consider the abilities of plaintiff to earn wages at the time of the injury and also his ability to earn wages since the injury, and "allow him such amount as you believe from the evidence he is entitled to."

PREPONDERANCE: *Harmless error.* An instruction that by a preponderance of evidence was meant the greater weight and value thereof, and not the greater number of witnesses, though misleading, could not be prejudicial to defendant, where the greater number of witnesses testified for plaintiff.

SAME. An instruction to allow plaintiff the expense, "if any," for nursing is not prejudicially erroneous, where there was no evidence of such expense, as the jury were limited to expense shown.

DEFINITENESS. *Request.* I is not erroneous to instruct the jury in a negligence action to allow as damages "such amount as you believe from the evidence he is justly entitled to," and, in the absence of a request for more definite instructions, such request is sufficient.

*Appeal from Linn District Court.*—HON. WILLIAM G. THOMPSON, Judge.

THURSDAY, MAY 25, 1899.

ACTION at law to recover on account of personal injuries alleged to have been caused by negligence on the part of the defendant. There was a trial by jury, and a verdict and judgment for the plaintiff. The defendant appeals.— *Affirmed.*

*Warren Harman, J. J. Powell, John N. Hughes,* and *Powell & Harman* for appellant.

*Chas. A. Clark & Son* for appellee.

ROBINSON, C. J.—In March, 1895, the plaintiff, while assisting in the loading of a piano onto a dray in a street of the defendant, fell upon the stump of a small tree, and received severe injuries. He alleges that the accident occurred at a place where there was business property on each side of the street, and that it was the duty of the defendant to keep the street at that point in a safe condition for the transaction of business, and free from dangerous defects and obstructions of every character which might interfere with the use of the street; that the stump referred to constituted a defect and an obstruction in the street, and a source of danger, for which the defendant was responsible. The answer pleads contributory negligence on the part of the plaintiff, and avers that the stump was not in a part of the street worked and used for public travel, but in a part allowed by the defendant to the owners of adjoining property for use as a street park.

I. The appellant first complains of a refusal of the court to give an instruction, a copy of which is as follows: "First. The testimony shows without contradiction that some years prior to the alleged injury the city council of the city of Cedar Rapids, defendant in this action, had passed an ordinance granting property owners in said city owning lots abutting or lying along streets eighty feet wide the right to use twenty feet of the street next to their property for the purpose of parks or grass plats, and such property owners

had the right to use that part of the street next to their lots
for the purpose of beautifying the same in different ways,
including the right to plant shade trees and make grass plats.
It also appears that Third street west was eighty feet wide
at the place of the alleged injury.   Therefore the property
owners on each side of the street where the alleged injury
happened were entitled to occupy so much of the street as
abutted on their respective lots; such occupation being lim-
ited to twenty feet from the lot line, leaving forty feet in
the central portion of the street for vehicles and teams, and
being further limited to the uses set forth in the ordinance
which has been introduced in evidence.   If you find that up
to the time of the alleged injury the city authorities had
never worked or improved the west twenty feet of Third
street west between Eighth and Ninth avenues, but left that
part of the street in its natural condition, then you will find
for the defendant, unless you find that the city authorities
had failed to provide a reasonably safe roadway of sufficient
width to accommodate the public travel on that part of the
street."   The first part of the instruction is sustained by the
evidence, and the last part refers to the place of the acci-
dent, and the jury would have been authorized to find that
the stump was within the part of the street which the defend-
ant had authorized the owner of the adjoining property to
use for the purpose of a street park, and which the defend-
ant had not improved, and that a reasonably safe roadway
of sufficient width had been provided in the street, but out-
side the space the use of which for a park had been author-
ized.   Some of the evidence tended to show that the street
had never been parked nor curbed at the place of the acci-
dent, although there was a shallow gutter at some distance
from the lot line and sidewalk at about the place where the
outer line of the parking, had it been constructed, would
have been; that hitching posts had been placed within that
line and near the sidewalk; that a small business house was

located on an adjoining lot; and that the street at the place of the accident was traveled and used for all the ordinary purposes of a street. It may be conceded, for the purposes of this case, that the duty of the defendant to keep its streets in reasonably good condition, free from defects and obstructions dangerous to the public, extends only to so much of each street as is customarily used by the public. See *Stafford v. City of Oskaloosa,* 57 Iowa, 748; *Fulliam v. City of Muscaline,* 70 Iowa, 436, 9 Am. & Eng. Enc. Law, 385; Tiedeman Municipal Corporations, section 346. But it is not true that a municipal corporation is not liable for the defects and obstructions in a street left in its natural condition which has been opened to public use. The corporation may be under as great obligation to remedy a defect or to remove an obstacle in one case as in the other. Hence, as the jury might have found from the evidence submitted that the portion of the street in question had been opened to public travel, and that it was the duty of the defendant to keep it in a reasonably safe condition, the district court properly refused to give the instruction we have set out. The court charged the jury that if the defendant, having had sufficient notice of the alleged defect, in the exercise of reasonable care ought to have removed or remedied it, then the defendant did not discharge the duty which the law imposed upon it, and, as applied to the evidence, we think that was correct. See *Stafford v. City of Oskaloosa,* 64 Iowa, 251; *Foshay v. Town of Glen Haven,* 25 Wis. 288; *North Manheim Tp. v. Arnold,* 119 Pa. St. 381 (13 Atl. Rep. 444); 2 Dillon Municipal Corporations, section 1008; Elliott, Roads & Streets, 447. Much of what we have said applies to the second and third instructions asked by the defendant and refused by the court. We do not think the court erred in not giving either of them. Some of the instructions asked by the defendant and refused were based in part upon the theory that the owner of the lot in

front of which the accident occurred was using that portion of the street as a park. Our attention has not been called to any evidence which tends to show that such use of any part of the street was being made at that time, while the fact appears to have been that it was used for the ordinary purposes of a street. If it was so used, it was the duty of the defendant to keep it in reasonably safe condition for that purpose.

II. The appellant complains of a portion of the third paragraph of the charge given, on the ground that the court usurped the functions of the jury, and decided that the stump in question was a defect for which the defendant was liable, if it had sufficient notice to have removed it before the accident occurred; but an examination of the entire paragraph shows that the complaint is not well founded. Whether the stump constituted a defect which the defendant ought to have removed was submitted to the jury to decide.

III. The court charged the jury that "by a preponderance of the evidence is meant the greater weight and value of the evidence, and not the greater number of witnesses." That statement is in a sense correct, but is not to be commended, for the reason that in some cases it might be misleading, or at least confusing. A preponderance of the evidence may or may not be given by the greater number of witnesses. But prejudice to the defendant could not have resulted in this case, for the reason that the greater number of witnesses testified for the plaintiff.

IV. The seventh paragraph of the charge to the jury was as follows: "In making up your verdict, if you find for the plaintiff, you will consider the ability of the plaintiff to earn wages and perform labor prior to the time of the alleged injury, as shown by the evidence, and also his ability to earn wages and perform labor since receiving the alleged injury, the time he lost, if any, because of said injury, the expenses, if any, for medical treatment and nursing, and the physical pain and mental anguish, if any, you find he has

suffered on account of the injury, and allow plaintiff such
amount as you believe from the evidence he is justly entitled
to; but, in arriving at the amount, if any, you allow for loss
of future earnings, you will take into consideration the fact
that such amount, if any, will be paid in a lump sum, and
you will only allow for the present worth or value of the
same." The defendant complains of that paragraph
on two grounds, the first of which is that it does not
give any rule for estimating the amount to be allowed
for loss of future earnings. We said in *Fry v. Railroad Co.*,
45 Iowa, 416, of an instruction which directed the jury to
allow the plaintiff in that case "such damages as will fairly
compensate her for all past, present, or future physical suf-
fering or anguish, which is, has been, or may be caused by
said injury" that it was too broad, and permitted the jury to
enter the domain of conjecture, and indulge in speculation
to a greater extent than was allowable; that the jury should
have been directed that it could look alone to the evidence,
and determine therefrom what damage it was reasonably cer-
tain the plaintiff would sustain in the future; and that an
allowance could not be made for damage which might but
was not reasonably certain to ensue. In the case of *Kendall
v. City of Albia,* 73 Iowa, 241, it appeared that the court
had charged the jury that if the plaintiff in that case, as a
result of an accident there in question, had "by reason of
said accident suffered bodily pain and mental anguish to
the present, and will so suffer in the future, then for such
pain and anguish, past, present, and future, you should allow
him such sum as you think proper, under the evidence, with-
out proof of any special sum." That was modified, how-
ever, by the following: "With reference to future damages,
you should be satisfied from the evidence that they will prob-
ably be sustained by the plaintiff." And we held that the
two instructions, construed together, were correct. In *Ford
v. City of Des Moines,* 106 Iowa, 94, we considered the part
of a charge which authorized a recovery for the impairment

of power to enjoy life by reason of an injury, "and for such pain and inconvenience and impairment of enjoyment for such time as the same has been or may continue, as shown by the evidence in the future, if any," and held it to be erroneous for the reason that it authorized the jury to allow for that which was merely possible, not for what the evidence showed was reasonably certain to continue. The charge under consideration is not quite so definite and certain as were the two considered in the case of *Kendall v. City of Albia, supra;* but it is not correct to say that no rule whatever for ascertaining future damages was given. The direction to allow plaintiff "such amount as you believe from the evidence he is justly entitled to" referred as well to future as to past damages, and required the jury to make such an allowance for future damages as it believed from the evidence he should have. The jury must so have understood the paragraph, and, in the absence of a request for a more definite instruction, it was sufficient. It is further insisted that the paragraph was erroneous in directing the jury to "consider  *  *  *  the expenses, if any, for nursing," for the reason that the evidence did not show that the plaintiff incurred any expense for nursing, nor that the services rendered were of any value. The only evidence in regard to nursing was given by a witness who stated that he helped take care of the defendant, and helped to dress his wound. It is not shown how much the witness did, nor that any compensation for his services had been made or was expected, and the evidence would not have authorized an allowance for nursing. In *Reed v. Railroad Co.,* 57 Iowa, 23, the district court directed the jury, in case it found for the plaintiff, to allow for "expenses reasonably incurred for medical care and attention," and we held it reversible error for the reason that there was no evidence upon which an estimate for such an allowance could have been based. In the case of *Stafford v. City of Oskaloosa,* 57 Iowa, 748, we held that an instruction which

directed the jury, in estimating damages, to consider the expenses incurred by the plaintiff for his treatment by surgeons and physicians was erroneous for the reason that there was no evidence which tended to show what expenses, if any, the plaintiff had incurred for that purpose. Whether the error was sufficient to have authorized a reversal on that ground alone was not stated. The portion of the charge in this case under consideration did not peremptorily direct the jury to allow for expenses incurred in nursing, in case it found for the plaintiff, as was done in regard to the expenses in question in the *Reed Case*, but merely instructed the jury to consider the expense, if any, incurred for nursing. In that respect it differed from the instructions held to be erroneous in both the cases cited. We think it was erroneous in referring to expenses for nursing, but that in consequence of the limited words "if any," and the character of the testimony respecting such expenses, the error could not have been prejudicial.

V. The appellant urges numerous objections to instructions refused, and to portions of the charge given, to which we have not referred specifically. It is sufficient to say that some of the objections urged are disposed of by what we have already said, and others are not of sufficient importance to receive separate mention. Whether the plaintiff was negligent was a question properly submitted to the jury. It may be that he should be charged with knowledge of the stump before he was hurt, as he had worked near it for some minutes before the accident occurred; but the evidence tends to show that the piano had been loaded upon a dray, and that in order to change the position of the piano it was moved towards the rear end of the dray. The plaintiff was at that end, pulling on the piano, and another man was at the other end, pushing. The piano moved more easily than the plaintiff had anticipated, he lost his hold, and fell backward onto the stump. We cannot say that the jury was not authorized to find the plaintiff free from negligence, in view of all the

facts in the case.   We do not think the verdict was contrary to the charge of the court, nor that it lacks support in the evidence.   The judgment of the district court is AFFIRMED.