CITY OF BOSTON *vs.* JOHN J. COON & another.

Suffolk.    November 13, 1899. — February 28, 1900.

Present: HOLMES, C. J., MORTON, BARKER, HAMMOND, & LORING, JJ.

*City — Joint Tortfeasors — Negligence — Action — Evidence.*

A city, which has paid a judgment obtained against it in an action for injuries occasioned by a defect in a highway caused by acts and omissions for which a third person was answerable, may recover over against such person, although the city was negligent in failing to keep the way in a safe condition.

In an action by the city of Boston, a book was produced which purported on its title-page to be the "Revised Ordinances of 1895 of the City of Boston, as passed and approved December 14, 1885, with amendments thereto, passed and approved, to May 1, 1886, . . . published by order of the City Council." Upon the next page appeared the statement of the order for printing approved February 10, 1886, and at the end an attestation signed by the city clerk. *Held,* that no error appeared in the admission of the ordinance.

TORT, to recover the amount paid by the plaintiff upon a judgment obtained against it by one Blessington in an action for personal injuries caused by a defect in a highway. Trial in the Superior Court before *Bell*, J., who directed the jury to return a verdict for the plaintiff; and the defendants alleged exceptions. The facts appear in the opinion.

*J. P. Sweeney*, for the defendants.

*S. M. Child*, for the plaintiff.

HAMMOND, J.   It is true, as claimed by the defendants, that the judgment in the suit of *Blessington* v. *Boston*, 153 Mass. 409, is conclusive against them only on three points, namely, that the highway was defective, that Blessington was in the exercise of due care, and that he suffered damages to the amount he recovered; and, if the evidence for the plaintiff had stopped there, it could not have been ruled as matter of law that the defendants were answerable over to the plaintiff.

But the evidence did not stop there.   It further appeared as undisputed facts that the defendants were engaged in the construction of a building upon a lot of land abutting on Causeway Street in the plaintiff city, and under a permit issued by the city had excavated, for the purpose of connecting the building with a

sewer, a trench extending from the building across the sidewalk into the street and under the tracks of the West End Street Railway Company, which were duly located in the street; that as a protection to public travel the defendants had erected barriers upon both sides of the trench, consisting of board fences extending across the sidewalk and for a short distance into the street, and two large wooden horses, about fifteen feet in length, extending from the end of the fences beyond the end of the trench; that twenty of the cars of the West End Company passed over the trench every hour, and the street railway company, in order to continue running its cars, had placed two of its employees at the trench, whose duty it was to move the wooden horses whenever it was necessary for the street railway cars to pass over it; and that the existence of the trench, the fact that it had been open for a week before the accident, the method of barricading, the frequency of the trips made by the street railway company, and the manner of removing the wooden horses by its employees, were known both to the officers of the city and the defendants, and no objection was made by the city.

It further appeared that at about seven o'clock on the evening of September 20, 1889, Blessington, while walking along the sidewalk, reached the fence and turned and walked into the street at the end of the fence; that at that instant one of the employees of the street railway was engaged in swinging around one end of the wooden horses in order to admit of the passage of a car, and in doing so momentarily left an opening between the other end of the wooden horse and the fence, and Blessington passed through the opening and fell into the trench and received the injuries for which he recovered judgment against the city; that on the ends of the fences and on both ends of the horses there were lanterns, six in all, which were lighted and burning; and that an employee of the defendants, who was stationed as a night watchman in the building, was standing near the trench.

It thus appears that the trench was excavated by the defendants. It was incumbent upon some one to keep it properly guarded, and that duty rested upon the defendants. *Fisher* v. *Cushing*, 134 Mass. 374. If the passage of the street cars made it necessary to remove and replace the wooden horses frequently,

that fact was known to the defendants, and they could not relieve themselves from responsibility by leaving to other persons that part of the work of guarding the trench. Whether that part of the work be done by them, or by others with their knowledge, they are equally answerable.

It is well settled that the negligence of the city to fulfil its statute duty to keep the street in safe condition in a case like this is no bar to recovery. *Lowell* v. *Boston & Lowell Railroad,* 23 Pick. 24. *Holyoke* v. *Hadley Co.* 174 Mass. 424.

The judgment and the undisputed facts therefore show that Blessington was in the exercise of due care; that he was entitled to the damages he recovered; that the highway was defective, and that the defect was caused by acts and omissions for which the defendants were answerable; and that the negligence of the plaintiff is no bar to the action. This makes out a case for the plaintiff.

The admission of the ordinance was not error. The book produced on its title-page purported to be the " Revised Ordinances of 1885 of the City of Boston, as passed and approved December 14, 1885, with amendments thereto, passed and approved, to May 1, 1886. . . . Published by order of the City Council." Upon the next page appears the statement of the order for printing approved February 10, 1886. Taking the language of the title-page and of the vote and the attestation and considering them together, the court may have found that the attestation was intended to cover the whole book.

This was the only point argued concerning the admission of the ordinance.

　　　　　　　　　　　　　　　　*Exceptions overruled.*