F. M. PARKER, Appellee, v. INCORPORATED CITY OF BEDFORD.

**Municipal corporations:** NEGLIGENCE: PLEADINGS: MOTION TO STRIKE. A general denial of the charge that a city was negligent in failing to maintain its streets in a reasonably safe condition for public travel places upon plaintiff the burden of proving the negligence, to which nothing can be added by also affirmatively pleading in defense matters of explanation or argument; and the same should be stricken on motion, although properly receivable in evidence under the denial.

**Streets:** OBSTRUCTION: FACT QUESTION. The question of whether the city should have maintained an ·open ditch so near the traveled portion of the highway, from which plaintiff received his injuries, is held under the circumstances shown to have been for the jury.

*Appeal from Taylor District Court.*— HON. H. M. TOWNER, Judge.

TUESDAY, OCTOBER 20, 1908.

ACTION for damages for personal injuries sustained by plaintiff by reason of falling into an excavation in one of the streets of the defendant. Judgment for plaintiff for $750, and the defendant appeals.— *Affirmed.*

*Flick & Flick,* for appellant.

*Wm. M. Jackson,* for appellee.

Evans, J.— On March 30, 1906, the plaintiff was riding on horseback on one of the north and south streets of the defendant, known as "Tinder Street." Tinder street intersects Jackson street. Near the south line of Jackson street the defendant city has maintained or permitted for many years an open ditch, which carries the water eastward on its course. In the course of this ditch, where it crosses Tinder street, a twelve-inch tile drain was laid for thirty-two feet and covered over, so as to render such street passable for such width of thirty-two feet. At the east end of the tile drain, and about sixteen feet west of the east line of Tinder street, the open ditch was about four feet deep and about six feet wide, and so continued for a short distance eastward. While plaintiff was riding, and was at a point about twenty feet distant from the excavation, his horse became suddenly frightened by the play of children near by. The horse leaped in the direction of the ditch, and before plaintiff could get him under control he had fallen into the ditch, and the plaintiff suffered severe injuries thereby.

I. The defendant complains of the ruling of the trial court in striking out certain portions of its

1. Municipal
Corporations:
negligence:
pleadings: mo-
tion to strike.

amendment to answer. Among other unnecessary allegations in its amendment to its answer, the defendant pleaded as follows:

Defendant avers that it has no sewers, and its streets are drained of surface water by ditches on either side of its streets, and that the ditch into which the plaintiff forced his pony was one of such drains. . . . It further avers that the streets are divided by its ordinances, and twelve feet of its streets on either side from the lot line is reserved and donated to the adjacent owners, and used for parking purposes, and that in the place where plaintiff received his injury the ditch was wholly within the said twelve feet reserved as aforesaid for parking purposes, and it is not and never has been used by the traveling public for the purposes of travel; . . . that the said ditch or drain is a public utility, and the public necessity and the requirement of the

public for draining the water off the defendant's streets, in order to make them passable for travel, is at all times, and is now, and has been in as safe condition as any drain or ditch could be on the highway or street upon which the public are invited to travel.

On motion of the plaintiff the trial court struck out the portions above quoted as immaterial, redundant, and surplusage, and of this the defendant complains. There was no error in the ruling of the court. The burden was upon the plaintiff to establish the negligence of the defendant city, in that it had failed to maintain its streets in a reasonably safe condition for public travel. That burden was laid upon the plaintiff by the defendant's general denial of negligence. Defendant could add nothing to the force of its general denial by further explanation or argument. Some of the matters pleaded might properly be shown in evidence under the issues as made by the general denial, but they were in no sense pleadable as an affirmative defense. The trial court permitted the defendant to introduce all the evidence which it offered, and it makes no complaint in that regard.

II. The only other alleged error argued by appellant is that the verdict is not sustained by the evidence. We have read the evidence fully, and find that it abundantly supports **2. STREETS: obstruction: fact question.** the verdict. The question whether, under all the circumstances, the city should have left such an excavation so near the traveled portion of the street without guard or barricade, was a question for the jury, and it was, submitted to the jury by the trial court by proper instructions.

Some claim is made in the argument that the plaintiff was guilty of contributory negligence. We are not able to find in the record any evidence of contributory negligence on the part of the plaintiff. The trial court gave the defendant, however, the benefit of that question in its instructions to the jury, and the defendant has no cause of complaint on that ground.

We find no error in the record, and the judgment is *affirmed.*