HELEN H. GAEBLER, Respondent, *v.* GIUSEPPE GALLO et al., Appellants, Impleaded with Another.

Negligence — injury to person stepping from street car into trench being dug by contractor for city — when negligence of street railroad company does not relieve contractor.

Plaintiff stepped from the rear door of a west-bound street car which had stopped on the easterly side of a crosswalk, and as she started for the sidewalk stepped into an open trench receiving injuries, to recover damages for which this action is brought. Defendants were engaged in digging the trench under contract with the city. It had been excavated about three feet wide and five feet deep, about three feet from the rail, to within about ten feet of the crosswalk. The place where plaintiff fell was from forty to fifty feet from the crosswalk, was unlighted, and there were no barriers to warn or prevent her from falling into the excavation. Assuming that the railway company was guilty of negligence in stopping its car at the place where it did for the discharge of passengers, it did not relieve the defendant contractors from their obligation to so guard and light the trench as to prevent accidents of this character, even though they requested the railway company to have its cars stopped so that the passengers could be discharged upon the crosswalk.

*Gaebler* v. *Gallo,* 131 App. Div. 935, affirmed.

(Submitted April 1, 1910; decided April 26, 1910.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered April 28, 1909, affirming a judgment in favor of plaintiff entered upon a verdict and an order denying a motion for a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Joseph M. Proskauer* and *Carlisle J. Gleason* for appellants. The court in its charge and its refusals to charge and

its conduct of the trial erred in failing to instruct the jury that defendants discharged their duty if they left a safe place to alight and notified the railroad thereof. (*Wolff* v. *T. A. R. R. Co.*, 67 App. Div. 605.)

*Don R. Almy* for respondent. The failure of the railroad company to carry out the suggestion of the city inspector does not relieve the defendants from the consequences of their own negligence. (*Deming* v. *Terminal Railway*, 169 N. Y. 1; *Turner* v. *City of Newburgh*, 109 N. Y. 301; *Stringham* v. *Stewart*, 100 N. Y. 516; *Leeds* v. *N. Y. Tel. Co.*, 64 App. Div. 484; *Moody* v. *Osgood*, 54 N. Y. 488.)

Haight, J. This action was brought to recover damages for personal injury, resulting to the plaintiff by reason of her falling into a trench dug by the defendants.

Originally, the New York City Railway Company was joined as co-defendant, but at the beginning of the trial the plaintiff discontinued as to the railway company and the trial proceeded as against the appellants. The appellants, as contractors of the city of New York, were engaged in digging a trench and laying water mains therein, on the northerly side of the railroad track, in Fourteenth street, between Avenue A and Second avenue. The trench had been excavated about three feet wide and five feet deep, about three feet from the north rail, through the block up to within about ten feet of the easterly crosswalk of Second avenue. On the evening of October 10th, 1906, between 6:30 and 7 o'clock, the plaintiff, after purchasing a hat at the corner of Avenue A and Fourteenth street, entered a west-bound car on Fourteenth street, intending to transfer north on Second avenue. She rode until the car stopped on the easterly side of the crosswalk, and then, as the conductor called out "Change for Second avenue," she arose from her seat, passing out of the rear door of the car, holding a box containing a hat in one hand and her satchel in the other, and stepped down on to the ground, and then, as she started for the sidewalk, she stepped into the open trench, falling and receiving the injuries for which this

action was brought. It is contended on her behalf that the place where she fell was from forty to fifty feet east of the crosswalk; that the place was unlighted, and that there were no barriers to warn or prevent her from falling into the excavation. There was some conflict in the testimony with reference to the location of lights and the barricading of the trench, which raised a question of fact for the jury, but the main contention of the appellants is that the street railway company was responsible for the plaintiff's injuries, and not the appellants. Evidence was given by the appellants to the effect that it had notified the railway superintendent to have its cars stopped at a place so that the passengers could be received and discharged upon the crosswalk and not away therefrom, and for that purpose it had left a space of ten feet at the crosswalk in which it had not excavated its trench, and had the conductor of the railway company warned the plaintiff to leave the car at the front entrance instead of the rear, no accident would have occurred.

The trial court had fully and correctly charged the jury with reference to the duty of contractors in guarding open trenches, and also with reference to concurring acts of negligence where two or more parties are liable for an accident, and then, at the request of the appellants, charged as follows: "If the jury find that the plaintiff's injury occurred by reason of the carelessness of the railway company in stopping the car alongside of the excavation instead of carrying it forward to a point where there was no excavation, that the defendants, Gallo & Pittelli, used such reasonable care as the circumstances permitted in guarding the excavation, the jury must find a verdict for the defendants." And again the court further charged: "If the jury find that the act of the railroad company in stopping the car where it did was the proximate cause of the defendant's injuries, the verdict should be for the defendants. Now, proximate cause does not mean concurring cause. If the negligence of the two defendants (referring to the railroad company and the contractors) concurred in causing the injury, either one may be held

liable, as I have told you, and you must not in passing upon the question as to the concurrence of the negligence of the defend- ants, you must not try to estimate the degree of negligence of either one. If the negligence of either defendant con- tributed in any degree, concurred in causing the injury, your verdict may be for either defendant, and if the negligence of this defendant concurred with the negligence of the railroad company in causing the accident, your verdict may be for the plaintiff against these defendants." No exceptions were taken to these charges. The appellants, however, requested the court to charge: "If suitable and sufficient places were provided to enable those in charge of the street cars, by the exercise of ordinary care, to stop the cars with the platforms opposite these places and enable the passengers to alight in safety, then the contractors had fully discharged all obliga- tions resting upon them. If the jury find that the railway company stopped the car opposite the open trench and impliedly invited the plaintiff to alight therefrom without notice or warning, they are warranted in finding the railway company guilty of negligence." These requests were refused, except as already charged, and exceptions were taken to the refusals. I am of the opinion that the court had sufficiently covered the ground in his charge and that the exceptions taken present no error calling for a reversal.

Assuming that the railway company was guilty of negli- gence in stopping its car at the place where it did for the dis- charge of passengers, it did not relieve the defendants' con- tractors from their obligation to so guard and light the trench as to prevent accidents of this character. This case is essen- tially different from that of *Wolf* v. *Third Avenue R. R. Co.* (67 App. Div. 605), relied upon by the appellants. In that case the work was being done for the benefit of the rail- road company by its own contractors, and both the railroad company and the contractors were held responsible for the injury resulting to the plaintiff in that case. It is true that a new trial was granted the contractors on account of an error in the charge with reference to the bridging of the trench.

The learned justice writing for the court in that case held that it was a question of fact for the jury to determine whether the contractors had performed their duty with reference to guarding the trench, but held that the trial justice erred in refusing to charge that the contractors were not bound to exercise care to prevent persons from stepping off the car into the trench if they had provided proper bridges for the passengers to alight upon. Of course, if the contractors had properly guarded the trench, or had properly and sufficiently guarded it by bridges, no accident would have occurred. It, however, is not contended in the case now before us that any bridges were provided or coverings made for the trench, and the appellants now seek to be relieved from their failure of duty in this regard by calling upon the superintendent of the railway company to compel its motormen and conductors to see to it that its cars are so stopped that travelers thereon could not fall into the unguarded trench. (See *Deming* v. *Terminal Railway of Buffalo,* 169 N. Y. 1, and authorities there cited.)

The judgment should be affirmed, with costs.

CULLEN, Ch. J., GRAY, EDWARD T. BARTLETT, VANN, WILLARD BARTLETT and CHASE, JJ., concur.

Judgment affirmed.