FRANCIS I. LEONARD, appellee, v. MEL FOSTER Co., INC., defendant; CITY OF DAVENPORT et al., appellants.

No. 48353.

(Reported in 60 N.W.2d 532)

1320

October 20, 1953.

Clay LeGrand, of Davenport, for appellants Petersen Plumbing & Heating Co., Howard T. Petersen and George R. Petersen.

Nathan Grant, of Davenport, for appellant City of Davenport.

Cook, Blair & Balluff, of Davenport, for appellee.

Garfield, J.—Plaintiff was injured from falling into an unguarded trench near the curb of a paved street in Davenport. He brought this law action to recover for his injuries against Mel Foster Co., Inc., owner of the property adjacent to the street, the City of Davenport and Petersen Plumbing & Heating Company, which dug the trench. At the end of plaintiff's evidence each defendant moved for a directed verdict. Foster Company's motion was sustained. The other two motions were overruled. Defendants offered no evidence. The jury returned a verdict for $10,000 against the City and Petersen Company. From judgment thereon these two defendants have appealed.

The sole complaint here is the denial of a directed verdict in favor of the City and Petersen Company. They rely upon two grounds of their motions to direct: 1) plaintiff was a mere licensee to whom appellants owed no duty of care and 2) the evidence shows plaintiff guilty of contributory negligence. Of course it is our duty to consider the evidence in the light most favorable to plaintiff.

Plaintiff operated four trucks mainly to haul cement blocks made by Crabbs Company to be used in construction work. About 3:30 p.m. on August 28, 1951, plaintiff was instructed by Crabbs to deliver a load of blocks to 1733 East Kirkwood Boulevard so construction of a house could start there the next morning. Plaintiff sent the load of blocks as directed. About 5:30 or 6 that evening, when plaintiff was at home getting ready for supper, he was told by telephone the truck was mired in mud and to get it at 1733 East Kirkwood. Soon after supper plaintiff and his wife drove their automobile to this location. The car was stopped facing east next to the south curb, and plaintiff alighted.

At plaintiff's suggestion his wife backed up the car for a distance along the curb so it would be out of the way of the truck if plaintiff were able to move it and so the headlights of the car would help plaintiff see to unload part of the blocks and dig the truck out of the mud. After trying to move the truck for 20 to 25 minutes plaintiff was unable to do so and walked to his car, 20 to 30 feet from the truck. It was then very dark. Unbeknown to plaintiff and his wife, she had backed the car to a place at the curb opposite an unguarded trench into which sewer and water connections were being installed for the house about to be built at that location.

As plaintiff reached for the handle to the door of his car and touched it he fell into the trench, striking the side of the car as he fell. The trench was 3 to 5 feet deep and 2 to 4 feet wide. It was dug across the parking to within about a foot from the curb. The excavation was made at least four days before plaintiff fell and was not guarded by barricades or lights. It was dug by a man employed by Petersen Company which in

turn had contracted with Foster Company, owner of the property, for installation of the plumbing in the new house.

On Kirkwood Boulevard at this location there are two paved strips each 20 feet wide on either side of a boulevard also 20 feet in width. The city also owns a strip 20 feet wide, which we call the parking, just south of the south curb. There is no sidewalk for pedestrians along the south side of the street. Photographs show the parking between No. 1733 and the nearest intersecting street to the west is smooth, mowed with a lawn mower and nicely kept. There is a trimmed hedge which appears to be along the property line. The parking in front of 1733 when plaintiff fell was somewhat less smooth because of digging the trench and the presence of some building material. Plaintiff testifies "it was nice and level where I pulled up the car and stopped and walked in."

We will refer later to some other evidence.

■■■ It is generally true, as defendants argue, that the owner or occupant of realty is under no duty toward a bare licensee to keep the premises reasonably safe, but is liable only for wilful or wanton injury. The duty to exercise ordinary care to keep premises reasonably safe is owing only to those who come upon the property by invitation express or implied. Stupka v. Scheidel, 244 Iowa 442, 447, 56 N.W.2d 874, 877, and citations; Central National Bank v. Lederer, Strauss & Co., 236 Iowa 16, 19, 17 N.W.2d 817, 818; Rodefer v. Clinton Turner Verein, 232 Iowa 691, 699, 6 N.W.2d 17, 22; Wilson v. Goodrich, 218 Iowa 462, 468, 252 N.W. 142.

■■ However, we think it cannot be said as a matter of law that plaintiff was a bare licensee or that either defendant-appellant did not owe plaintiff the duty of exercising ordinary care for his safety. We consider first the City's duty.

The trench was in the public street within about a foot or so from the part used by vehicles. Plaintiff's petition alleges the excavation "was in the area which would be normally used by pedestrians walking on the south side of Kirkwood Boulevard." The City did not deny this allegation and therefore it stands admitted. Rule 102, Rules of Civil Procedure; cases cited

1324

1 Cook Iowa Rules Civil Procedure, Revised Ed., pages 652 et seq.

 Section 389:12, Code, 1950, provides that cities and towns "shall have the care, supervision, and control of all public * * * streets * * * and shall cause the same to be kept open and in repair and free from nuisances." The City's duty to exercise ordinary care to keep its streets in reasonably safe condition is not confined to the paved strips but includes the parking. The City was bound to know that people would sometimes walk over the parking, especially since there was no sidewalk along the street.

Authorities in support of the conclusions just stated include Jablonski v. Bay City, 248 Mich. 306, 226 N.W. 865; Village of Barnesville v. Ward, 85 Ohio St. 1, 96 N.E. 937, 40 L. R. A., N. S., 94, Ann. Cas. 1912D 1234; Knight v. La Grande, 127 Ore. 76, 271 P. 41, 61 A. L. R. 256; McQuillin, Municipal Corporations, Second Ed., Revised Vol. 7, section 2935, page 106; annotations 59 A. L. R. 387, 19 A. L. R.2d 1053; 25 Am. Jur., Highways, section 407; 63 C. J. S., Municipal Corporations, section 794b (1): "A strip located between the sidewalk proper and the curb * * * denominated a parking * * * is generally regarded as a part of the street which the municipality is bound to keep in a reasonably safe condition."

See also Bixby v. City of Sioux City, 184 Iowa 89, 96, 164 N.W. 641, 644 ("This care is not limited to the narrow traveled path, but extends to the full limit of the street opened to public use * * *."); Parker v. Incorporated City of Bedford, 139 Iowa 545, 117 N.W. 955; Lamb v. City of Cedar Rapids, 108 Iowa 629, 79 N.W. 366; Hall v. Incorporated Town of Manson, 99 Iowa 698, 703, 68 N.W. 922, 34 L. R. A. 207; Gates v. City of North Platte, 126 Neb. 785, 788, 254 N.W. 418, 419 ("A city is required to take cognizance of the fact that pedestrians have occasion to walk over the parking strip along a street, and * * * must exercise due care to have such area in a reasonably safe condition."). The Bixby, Parker and Hall cases, supra, are cited with approval in Nicholson v. City of Des Moines, 245 Iowa——, 60 N.W.2d 240.

 It is apparent the jury could properly find the un-

guarded excavation here was a dangerous trap to one lawfully using the parking. This case is not like those in which a pedestrian is injured by contact with a light-pole, fire hydrant, meter box or other structure which one may expect to find in a parking strip. In such cases recovery is frequently denied.

As stated in McQuillin, Municipal Corporations, Second Ed., Revised Vol. 7, section 2958, page 164, "The fact that the excavation was made by a third person is immaterial, provided the municipality knew or should have known of the danger * * *." To the same effect is 63 C. J. S., Municipal Corporations, section 796. It is not argued here that the City was not chargeable with knowledge of the danger from this unguarded trench. See in this connection Spurling v. Incorporated Town of Stratford, 195 Iowa 1002, 1006, 191 N.W. 724.

We have not overlooked an answer of the witness Graham, the city's superintendent of construction, upon cross-examination by defendants, that the street (evidently meaning the parking) was unopened and rough and uneven. The jury was not compelled to accept this answer as a verity. Smith v. Darling & Co., 244 Iowa 133, 141, 56 N.W.2d 47, 52, and citations. The witness's answer was much weakened on redirect examination and by photographs taken the day after plaintiff fell, and the answer is inconsistent with other testimony. It is not claimed the public had been excluded from use of the parking.

Further, we think the jury could properly find this unguarded, unlighted trench was in such close proximity to the paved portion of the street as to render the street unsafe for those using it in the ordinary way. In support of this conclusion it is sufficient to cite our recent case of Nicholson v. City of Des Moines, supra, and authorities there cited in both the majority and dissenting opinions. Ordinary use of the pavement includes parking an automobile at the curb, alighting therefrom and re-entering the vehicle.

The conclusion is warranted that the Petersen Company which dug this trench under a contract with the owner and left it without guard or warning is also liable to plaintiff. Contractors and others who negligently leave unguarded excavations or similar defects in public streets or so near thereto as to make

use of the streets dangerous are frequently held liable to members of the public injured while using the streets. The duty to exercise due care toward the traveling public to avoid injuring them rests not only upon the municipality but upon those who make excavations or do similar work in or near the streets. Plaintiff is of course entitled to the same protection in his use of the streets as other members of the general public.

These authorities support our holding the Petersen Company was under the duty of exercising due care toward plaintiff in guarding the excavation: Oregon-Washington R. & Nav. Co. v. Branham, 9 Cir., Wash., 259 F. 555, 38 A. L. R. 389, and annotation 403, 420; Town of Flagstaff v. Gomez, 23 Ariz. 184, 202 P. 401, 23 A. L. R. 661, 666; Smith v. City of Baton Rouge, 166 La. 472, 117 So. 559; City of Boston v. Coon, 175 Mass. 283, 56 N.E. 287 (holding the duty to properly guard a trench rests upon those who excavated it); Holmes v. T. M. Strider & Co., 186 Miss. 380, 189 So. 518, 123 A. L. R. 1190, 1195; Gaebler v. Gallo, 198 N. Y. 344, 91 N.E. 787; Jenkins v. Montgomery, 69 W. Va. 795, 72 S.E. 1087, 1 N.C.C.A. 58; annotations 59 A. L. R. 387, 400, 19 A. L. R.2d 1053, 1076; 27 Am. Jur., Independent Contractors, section 52; 63 C. J. S., Municipal Corporations, sections 857, 864 ("A private contractor * * * is liable for the resulting damages where he has opened an excavation in the street and negligently left it unguarded * * *.").

See also Spurling v. Incorporated Town of Stratford, supra, 195 Iowa 1002, 191 N.W. 724; Law v. Bryant Asphaltic Pav. Co., 175 Iowa 747, 157 N.W. 175, 7 A. L. R. 1189, and annotation 1203; annotations 104 A. L. R. 955, 956, 14 A. L. R. 1397, 1400, 159 A. L. R. 136, 139.

We are clear defendants were not entitled to a directed verdict on the issue of plaintiff's freedom from contributory negligence. As we have indicated, the jury could find the headlights of plaintiff's automobile were left on while he was trying to move his truck and when he returned to the automobile. However, the headlights did not enable plaintiff to see the trench at the side of the car. Plaintiff testifies he could not and did not see the hole. He did not know it was there. A policeman

who arrived at the scene after plaintiff fell carried a flashlight and yet he almost fell into the trench.

In the absence of notice to the contrary plaintiff was entitled to assume the parking in such close proximity to the curb was in reasonably safe condition. He was not required to anticipate negligence of defendants-appellants in leaving the trench unguarded and unlighted. Howard v. City of Waterloo, 206 Iowa 1109, 1114, 221 N.W. 812; Spiker v. City of Ottumwa, 193 Iowa 844, 849, 186 N.W. 465, 467; Frohs v. Dubuque, 169 Iowa 431, 436, 150 N.W. 62, 64; McCormack v. Robin, 126 La. 594, 52 So. 779, 139 Am. St. Rep. 549, 551, 552; Birdsong v. City of Clarksdale, 191 Miss. 532, 3 So.2d 827, 829; Knight v. La Grande, supra, 127 Ore. 76, 271 P. 41, 61 A. L. R. 256, 265, 266; Maryville v. McConkey, 19 Tenn. App. 520, 90 S.W.2d 951, 955; McQuillin, Municipal Corporations, Second Ed., Revised Vol. 7, section 3012, pages 345 et seq.

Other authorities that support our conclusion the issue of freedom from contributory negligence was for the jury include Spurling v. Incorporated Town of Stratford, supra, 195 Iowa 1002, 1006, 191 N.W. 724; Erickson v. Town of Manson, 180 Iowa 378, 383, 160 N.W. 276; Law v. Bryant Asphaltic Pav. Co., supra, 175 Iowa 747, 157 N.W. 175, 7 A. L. R. 1189; Hall v. Incorporated Town of Manson, supra, 99 Iowa 698, 68 N.W. 922, 34 L. R. A. 207; Williams v. Sager, 165 Mich. 635, 131 N.W. 103, 105; Village of Barnesville v. Ward, supra, 85 Ohio St. 1, 96 N.E. 937, 40 L. R. A., N. S., 94, Ann. Cas. 1912D 1234.—Affirmed.

All JUSTICES concur.