456 S.E.2d 194

**Elena HADORN, Plaintiff below, Appellant,**

v.

**William SHEA, Leader National Insurance Company, State Farm Insurance Company, Defendants below, Appellees.**

**No. 22217.**

Supreme Court of Appeals of
West Virginia.

Submitted Jan. 11, 1995.

Decided Feb. 16, 1995.

---

George E. McLaughlin, Bachmann, Hess, Bachmann & Garden, Wheeling, for appellant.

Landers P. Bonenberger, Gerald G. Jacovetty, Jr., McDermott, Bonenberger, McDermott & Gallaway, Wheeling, for appellees.

NEELY, Chief Justice:

This case involves a suit by a policyholder against her underinsured motorist carrier seeking recovery of costs and expenses, including attorneys' fees, on the basis that she substantially prevailed at trial against her insurer. The appellant demanded $300,000 for personal injury, and was awarded $90,000 by a jury, having rejected State Farm's pretrial final settlement offer of $22,500. After examining the record, we conclude that the Circuit Court was correct in granting State Farm's motion for summary judgment finding that the appellant did not substantially prevail at trial, and holding that appellant is not entitled to the recovery of costs and expenses. We granted this appeal to refine and clarify the rules under which a party "substantially prevails" at trial for the purpose of receiving attorneys' fees and expenses.

## I.

In February, 1987, Elena Hadorn (f/n/a Elena Johnson) was injured in an automobile accident occurring when the driver of another car, William Shea, ran a red light and crashed into Ms. Hadorn's car. Mr. Shea, a resident of Ohio, was insured by Leader National Insurance Company with liability limits of $12,500. In December, 1989, Ms. Hadorn filed suit against Mr. Shea and his insurer claiming personal injury. State Farm, Ms. Hadorn's underinsurance carrier, was provided notice of suit and filed its Notice of Appearance. However, before trial Ms. Hadorn settled her claims against Mr. Shea for the available policy limits of $12,500.

Ms. Hadorn then pursued her underinsured motorist claim against State Farm. The liability of Mr. Shea was not contested by State Farm. In December, 1991, Ms. Shea made a demand on State Farm for $300,000. In March, 1992, State Farm responded by offering $15,000. Ms. Hadorn rejected the settlement offer by State Farm. On 24 April 1992, State Farm increased its offer to $22,500. That offer was also rejected. Ms. Hadorn stood by her original demand of $300,000 throughout the negotiation period.

On 27 April 1992, the case was tried. The next day, a jury verdict of $90,000 was entered in favor of Ms. Hadorn. After factoring in pre-judgment interest, costs and a credit for the prior settlement with Mr. Shea's insurer, Ms. Hadorn accepted $80,-198.09 from State Farm in satisfaction of the judgment.

After trial, Ms. Hadorn was granted leave to amend her Complaint to name State Farm as a defendant in order to pursue recovery of costs and expenses, including attorneys' fees. In support of this action, Ms. Hadorn contends that she substantially prevailed against her insurance carrier at trial, and accordingly she should be reimbursed for approximately $29,500.00 in costs and expenses incurred as a result of the trial against State Farm. Thereafter, both Ms. Hadorn and State Farm filed motions for summary judgment.

State Farm argued that Ms. Hadorn failed to meet the burden for substantially prevailing as established by West Virginia case law.

In December, 1993, the Circuit Court of Ohio County granted State Farm's motion for summary judgment, and denied Ms. Hadorn's partial summary judgment motion seeking recovery of costs and expenses. Ms. Hadorn brings this appeal asserting that the Circuit Court erred in granting State Farm's motion for summary judgment and erred in denying Ms. Hadorn's partial summary judgment motion. We disagree.

## II.

In *Hayseeds, Inc. v. State Farm Fire & Cas.*, 177 W.Va. 323, 352 S.E.2d 73 (1986), we ruled that when a policyholder must sue her own insurance company over a *property damage* claim, and substantially prevails, the insurance company is liable for payment of the policyholder's reasonable attorneys' fees.

> It is now the majority rule in American courts that when an insurer wrongfully withholds or unreasonably delays payment of an insured's claim, the insurer is liable for all foreseeable, consequential damages naturally flowing from the delay.

*Hayseeds, supra,* 177 W.Va. at 330, 352 S.E.2d at 80; *See also Jordan v. Nat'l Grange Mut. Ins. Co.,* 183 W.Va. 9, 393 S.E.2d 647 (1990).

■ Recently, in *Marshall and Marshall v. Saseen and Erie Ins. Co.,* 192 W.Va. 94, 450 S.E.2d 791 (1994), we extended the right of recovery of costs and expenses provided in *Hayseeds* to include underinsurance claims, and by implication, to all other first party insurance claims. We stated that "[a]lthough we recognize that *Hayseeds* and its progeny involved insurance policies covering property damage claims, we can see no reason why these principles should not apply to uninsured and underinsured motorist coverage." *Marshall,* 192 W.Va. 94, 450 S.E.2d 791, 797. However, in both property damage claims and underinsurance claims, the right of recovery depends on a showing that the insured seeking reimbursement *substantially prevailed* in the ultimate resolution of the claim against his insurer. Were this not the case, we would be confounded in our efforts to use *Hayseeds* principles to keep insurance rates low and avoid needless litigation.

■ In Syl. pt. 2, *Thomas v. State Farm Mut. Auto. Ins. Co.*, 181 W.Va. 604, 383 S.E.2d 786 (1989), we held that "substantially prevails" refers to the status of the claim at the time negotiations broke down.

> The question of whether an insured has substantially prevailed against his insurance company on a property damage claim is determined by the status of negotiations between the insured and the insurer prior to the institution of the law suit. Where the insurance company has offered an amount materially below the damage estimates submitted by the insured, and the jury awards the insured an amount approximating the insured's damages, the insured has substantially prevailed.

Syl. pt. 2, *Thomas, supra.*[1]

In *Thomas*, the plaintiff filed suit against his insurer pursuant to an automobile collision insurance claim. The plaintiff's damage estimates before trial totaled $10,231.05, which they demanded from the insurer as payment under the policy. Instead, the insurer offered $4,960.72 as settlement for the claim. The plaintiffs rejected the insurer's offer. Ultimately, the jury awarded the plaintiffs $10,168. This Court ruled that the plaintiffs had substantially prevailed and, accordingly, were entitled to recover costs and expenses. In response to the insurer's claim that the plaintiff was unwilling to accept any settlement, we recognized that "an insured who has submitted a reasonable estimate of property damages is not required to accept a substantially lower estimate of damages from the insurer." *Thomas*, 181 W.Va. at 608, 383 S.E.2d at 790.

In *Jordan, supra*, insureds filed suit seeking $40,000 from the insurer pursuant to a fire coverage claim. The insurer offered $20,000, and made a second offer of $33,237.60 as settlement for the claim. The plaintiffs rejected both offers, continuing to demand $40,000. Ultimately, the claim was settled for $40,000. This court ruled that the plaintiffs had substantially prevailed because they clearly received an amount approximat-

ing their last settlement demand before filing suit, and accordingly, the plaintiffs were entitled to recover costs and expenses, including attorneys' fees.

In this case, Ms. Hadorn argues that she substantially prevailed because in response to her pre-trial demand for $300,000, State Farm offered only $15,000 and $22,500 when a jury awarded Ms. Hadorn $90,000.00—almost four times State Farm's final offer of $22,500. Ms. Hadorn also appears to argue that the insurer acted in bad faith by making its first settlement offer five years after the accident, and five months after the other driver's liability carrier had settled. In *Hayseeds, supra*, this Court rejected arguments based on the "bad faith" exception to the "American rule" governing attorneys' fees for an insurer's unwillingness to pay a policyholder. Instead, we fashioned the rule awarding fees when a policy holder "substantially prevails" in the action against his insurer.

To determine if a plaintiff has substantially prevailed, we compare the plaintiff's last settlement demand before filing suit to the amount awarded by the jury. Ms. Hadorn demanded $300,000.00 and was awarded $90,000.00 at trial. State Farm argues that its last settlement offer of $22,500 is closer to the amount awarded by the jury than to the amount Ms. Hadorn demanded. The jury award was $210,000 less than the amount Ms. Hadorn requested before trial. State Farm's offer was $67,500.00 less than the amount awarded by the jury. Thus, State Farm's last settlement offer would appear more closely to approximate the jury verdict than the amount demanded by Ms. Hadorn. However, we do not advocate such a purely mechanical approach to deciding the question of whether a plaintiff "substantially prevails."

■ In *Jordan*, we held that when an insured "substantially prevails" he is entitled to recover reasonable attorneys' fees from his insurer, as long as the attorneys' services were *necessary* to obtain payment under the policy.

---

1. Jury verdict is not essential to a finding that the insured substantially prevailed against the insurer; an insured may also substantially prevail when the action is *settled* for an amount equal to or approximating the damages demanded by the insured immediately before the action. *Marshall, supra.*

An insured "substantially prevails" in a property damage action against his or her insurer when the action is settled for an amount equal to or approximating the amount claimed by the insured immediately prior to the commencement of the action, as well as when the action is concluded by a jury verdict for such an amount. In either of these situations the insured is entitled to recover reasonable attorney's fees from his or her insurer, as long as the attorney's services were necessary to obtain payment of the insurance proceeds. Syl. pt. 1, *Jordan.* In deciding to award attorneys' fees in *Jordan*, we observed that it was "clear" in that case that the services of an attorney were needed to secure payment because the insurer refused to offer anything until the plaintiffs hired a lawyer and filed suit, and the insurer ultimately settled for the exact amount initially requested by the insured. *Jordan*, 183 W.Va. at 14, 393 S.E.2d at 652.

■ Looking to the status of negotiations between Ms. Hadorn and State Farm, it does not appear that Ms. Hadorn was interested in settlement for any amount less than her original demand of $300,000. She made no counter-offers in conjunction with her rejection of the settlement offers made by State Farm. In property damage suits there is little risk to an insurer that it will be exposed to limitless liability; property damage is generally finite and calculable. This creates an incentive for insurers to offer an amount in settlement of the claim that is less than the expected value of the claim to deter insureds from suing for the full amount. This strategy provides possible gain with very little risk to the insurer.

However, in a personal injury action, the speculative nature of the liability provides incentive for an insurer to settle before trial while it can still control the extent of its liability. State Farm made two offers and received no indication that it would be pru-

dent to prolong negotiations. It takes two to negotiate, and Ms. Hadorn did not waiver from her original demand of $300,000.00 (an amount that was ultimately $210,000 in excess of the jury verdict.)

In *Jordan*, we stated:

With respect to the necessity for the attorney's services, we mean the insured must show more than ... the fact that the settlement for all or substantially all of the claim was reached after the action was brought against the insurer. Instead, the insured [sic] must show that *but for his or her attorney's services such settlement would not have been reached*, in light of the undue delay in investigating the claim.

[Emphasis added.] 183 W.Va. at 14, 393 S.E.2d at 652.

It is not clear that "but for" Ms. Hadorn's attorney's services she would not have been able to get State Farm to settle for $90,000 without proceeding to trial. It is upon this basis that we affirm the ruling of the Circuit Court and decline to award costs and expenses, including attorneys' fees against State Farm.

■ We are not basing this decision on a purely mathematical calculation as to whether Ms. Hadorn substantially prevailed below. We considered the status of the claim at the time negotiations broke down, which included consideration of the insured's interest in attempting settlement before trial. If, then, an insurer offers a nominal amount that ends up being closer to the amount awarded by the jury than that demanded by the plaintiff, the insurer does not *automatically* prevail, but such a circumstance highly favors the insurer and the insured must show other circumstances justifying a contrary result. We reiterate that it is the status of the claim as a *whole*, at the time negotiations broke down, that determines whether an insured substantially prevails.[2]

---

2. We caution that our determination of whether a plaintiff is a "substantially prevailing party" in the context of a policyholder's suit to enforce an insurance contract cannot be carried over into the context of whether a plaintiff is a "substantially prevailing party" under fee-shifting statutes designed to protect and promote various civil

rights and public interests. *See, e.g.,* 42 U.S.C. § 1988 (1994); W.Va.Code, 5–11–13(c) [1983]. In that context, the plaintiff's qualification as the "substantially prevailing party" is determined only by looking at the results of the litigation, without regard to any settlement offers. Certainly, a civil rights plaintiff who obtains a $90,000

Our rule is intended to address the situation that occurs when an insured *must* sue his insurer to compel it to honor its contractual obligations. Under such circumstances, whenever the policyholder substantially prevails in the action, the insurer is liable for payment of the policy holder's reasonable attorneys' fees. There may have been no need for a trial, if Ms. Hadorn had engaged in active settlement negotiations with State Farm. Accordingly, we hold that Ms. Hadorn did not substantially prevail in her action against State Farm, and that State Farm is not liable for the appellant's costs and expenses, including attorneys' fees.

Affirmed.

BROTHERTON, J., did not participate.

FOX, Judge, sitting by temporary assignment.

jury verdict would be, at least to some extent, a "substantially prevailing party"—irrespective of what the plaintiff's pre-trial demand (if any) had been. The insurance context is different because a determination whether the insurer has met its contractual duty is at least, in part, an inquiry into the reasonableness of the amount offered to the insured by the insurance company. By contrast, in a civil rights or environmental case, what (if anything) the defendant offers in the negotiation process prior to trial is irrelevant to whether the defendant violated some civil rights, environmental, or other law.