UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

BARBARA JANE JONES; ROGER DUANE
JONES, SR., her husband,
<u>Plaintiffs-Appellants,</u>

v.                                                                                    No. 96-2280

ALLSTATE INSURANCE COMPANY,
<u>Defendant-Appellee.</u>

Appeal from the United States District Court
for the Northern District of West Virginia, at Martinsburg.
Frederick P. Stamp, Jr., Chief District Judge.
(CA-95-8-3)

Argued: May 8, 1997

Decided: July 23, 1997

Before LUTTIG, Circuit Judge,
COPENHAVER, United States District Judge for the
Southern District of West Virginia, sitting by designation, and
MICHAEL, Senior United States District Judge for the
Western District of Virginia, sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** William E. Parsons, II, BRITT, DOUGLAS, PARSONS
& THOMPSON, Wheeling, West Virginia, for Appellants. E. Kay
Fuller, MARTIN & SEIBERT, L.C., Martinsburg, West Virginia, for

Appellee. **ON BRIEF:** Walter M. Jones, III, MARTIN & SEIBERT, L.C., Martinsburg, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Plaintiff-Appellant Barbara Jane Jones was severely injured when, as she was walking in front of her vehicle, another car backed up and hit her, crushing her leg between its bumper and Mrs. Jones's vehicle. The offending driver's insurance company offered to settle with Mrs. Jones and her husband, Plaintiff-Appellant Roger Duane Jones, Sr., for his policy limits, which were $25,000. Before agreeing to the settlement, appellants informed their insurance company, Defendant-Appellee Allstate Insurance Company ("Allstate"), that they would seek additional coverage pursuant to their underinsured motorist policy. Subsequently, appellants' counsel wrote several letters to Allstate demanding "policy limits," but apparently without knowing what the policy limits were. After having made several such requests, appellants' counsel asked Allstate to apprise him of what the policy limits were; upon receiving Allstate's response, appellants' counsel then indicated that, although he did not have the policy before him, based on Allstate's representation he understood applicable policy limits to be $100,000 and that he would "rely on [Allstate's] representation [as to available coverage] in conjunction with the potential settlement of this claim." J.A. 117 (emphasis added). Less than two months later, without any intervening settlement negotiations taking place or demands being made, appellants filed suit seeking $400,000 in damages, a total that was apparently calculated by stacking the underinsured motorist policy limits. Before trial, the parties settled for $87,500.

Subsequent to reaching the settlement, appellants sought attorney's fees; Allstate argued that appellants were not entitled to attorney's

2

fees and moved the district court for summary judgment pursuant to Fed. R. Civ. P. 56. The district court granted Allstate's motion for summary judgment; from this ruling, appellants appeal. For the reasons stated below, we affirm the district court.

I.

We review a district court's grant of summary judgment de novo. Jackson v. Kimel, 992 F.2d 1318, 1322 (4th Cir.1993). Under Fed. R. Civ. P. 56 summary judgment should be granted when "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

II.

A.

This diversity case is governed by West Virginia law. Under West Virginia law, "when a policyholder must sue her own insurance company . . . [to recover properly due first party insurance coverage], and substantially prevails, the insurance company is liable for payment of the policyholder's reasonable attorneys' fees." Hadorn v. Shea, 456 S.E.2d 194, 196 (W. Va. 1995) (citing Marshall and Marshall v. Saseen and Erie Ins. Co., 450 S.E.2d 791 (W. Va. 1994), and Hayseeds, Inc. v. State Farm Fire & Cas., 352 S.E.2d 73, 80 (W. Va. 1986)). West Virginia courts have fashioned a two-part test to determine whether an insured has substantially prevailed. First, a plaintiff must show that she recovered, either through court award or settlement, an amount equal to or approximating the amount demanded by the insured immediately prior to the filing of suit. Jordan v. National Grange Mut. Ins. Co., 393 S.E.2d 647, 649 (W. Va. 1990). Second, the plaintiff must demonstrate that the attorney's services "were necessary to obtain payment under the policy." Hadorn, 456 S.E.2d at 197 (citing Jordan).

In Hadorn, the plaintiff demanded $300,000 (which plaintiff's insurance company refused), the insurance company offered $22,500 (which plaintiff declined), and the jury awarded $90,000. The plaintiff argued that she had substantially prevailed because she won four

3

times the amount the insurer had offered; the insurer, on the other hand, contended that plaintiff had not substantially prevailed because its offer was numerically closer to the jury's award than the plaintiff's settlement demand. Because the court rested its holding on the second prong of the test, finding that the plaintiff had not demonstrated that "but for" the attorney's services she would have failed to secure a settlement from the insurer, the court only addressed the parties' arguments in dictum. Nonetheless, the court's comments are instructive. The court rejected both the insured's and the insurer's efforts to confine the inquiry to "a purely mathematical calculation." Hadorn, 456 S.E.2d at 198. The court emphasized the importance of reviewing "the status of the claim at the time negotiations [break] down, which include[s] consideration of the insured's interest in attempting to settle before trial." Id. at 198. In its concluding remarks, the court underscored that the "rule [for awarding attorney's fees] is intended to address the situation that occurs when an insured must sue [her] insurer to compel it to honor its obligations." Id. at 199.

B.

In the instant case, the district court held that appellants had not satisfied either requirement. Because we find that the district court correctly found that appellants failed to show that they made a settlement demand comparable to the amount ultimately recovered, we do not address the question whether appellants demonstrated the necessity of attorney services.

C.

Appellants argue that they demanded of Allstate $100,000, a sum that is substantially equivalent to $87,500. We disagree that a claim for $100,000 was ever made. The record clearly reflects that before Allstate informed appellants' counsel of the policy limits, counsel did not know what the policy limits were; every settlement demand that preceded Allstate's representation was made without counsel's knowledge of policy limits. At the time counsel was unaware of the maximum potential coverage appellants could recover, his letters can only be viewed as a generalized statement of position. While it may appear that a request for policy limits is synonymous with a request for the numerical figure representing those limits ($100,000), this is

4

not necessarily so. As the facts of this case illustrate, the question as to policy limits is not always clear-cut; for instance, if stacking had been allowed, the policy limits might have been $400,000 (as appellants argued in their suit against Allstate). Without an unequivocal demand for a numerical figure, there can be no certainty as to what appellants believed they were entitled to and what their reaction would have been had Allstate offered to settle for what it (correctly) believed to be policy limits.

Once appellants' counsel was apprised of the available coverage, he indicated merely that he would rely on Allstate's representations. But counsel's reliance on Allstate's representation of policy limits does not translate into a demand for such limits. At most, counsel's reply to Allstate evinces his belief that Allstate had accurately conveyed what it had concluded were the policy limits applicable to appellants' claim. Had counsel gone one crucial step further, and affirmatively requested a settlement for the amount Allstate believed to be the limit, a demand would have been deemed made. Absent such a request, however, the court cannot conclude that, by passively indicating reliance upon Allstate's understanding of policy limits, counsel demanded those policy limits. To hold otherwise would be inconsistent with the import of the Hadorn opinion, in which the court focused upon the status of negotiations between the insured and the insurer, and, more specifically, whether those negotiations had reached a breaking point. Here, we cannot know whether there was any chance of a successful resolution by negotiations, because appellants filed suit before making a clear demand and, by so doing, prevented the negotiations from running their natural course.

In brief, there was no demand by the insureds outstanding immediately prior to the filing of suit by the insureds. Therefore, appellants did not substantially prevail on their claim; consequently, we affirm the judgment of the district court.

AFFIRMED

5