# CHARLESTON.

### JENKINS V. MONTGOMERY.

Submitted March 8, 1910.    Decided November 21, 1911.

1.  PLEADING—*Declaration—Ad Damnum Clause.*
    A declaration in an action, even though sounding in damages, is not demurrable because it does not state the amount of damages claimed, in the form of an averment. It is sufficient if it appear in any part of the declaration. The *ad damnum* clause, while consistent with good form in pleading, is not indispensable. (p. 796).

2.  MUNICIPAL CORPORATIONS—*Torts—Defects in Streets—Liability of Abutting Owners.*
    The opening of a ditch in a public street, for the purpose of laying a pipe to connect a dwelling house with the water main, is not, *per se*, a nuisance, and does not make the owner of the house liable to a person injured by falling into the ditch, unless such owner has been guilty of negligence. (p. 799).

3.  MASTER AND SERVANT—*Liabilities to Third Persons—Work of Independent Contractors—Unguarded Excavation.*
    If the owner of a house let the work of opening the ditch, and laying the pipe, to an independent contractor, and such contractor cause the ditch to be dug, and to be left open and unguarded, and a traveler upon the street fall into it in the nighttime and is injured, without fault on his part, such independent contractor is liable. (p. 799).

4.  SAME—*Liabilities to Third Persons—Notice.*
    The master is liable for the negligence of his servant in the performance of a duty to the master within the scope of the servant's employment. (p. 798).

5. Trial—*Instructions—Construction Together.*

An instruction which deals only with matters relating to the *quantum* of damages, is not erroneous because it assumes right of recovery, provided another instruction has been given properly instructing the jury in regard to the essential facts constituting such right of recovery. In such case it is proper to consider the two instructions together. (p. 799).

Error to Circuit Court, Fayette County.

Action by Kate Jenkins against J. W. Montgomery. From a judgment for plaintiff, defendant brings error.

*Modified and Affirmed.*

*V. C. Champe* and *Osenton, McPeak & Horan,* for plaintiff in error.

*Love & Anderson,* for defendant in error.

Williams, President:

Kate Jenkins was injured by falling into an open ditch, in the night time, which she alleges had been dug practically across one of the public streets in the town of Montgomery, by J. W. Montgomery, and negligently left without covering, or any sign to warn the public of danger. She brought an action of trespass on the case in the circuit court of Fayette county against said J. W. Montgomery and recovered a judgment for $875.00. Montgomery has brought the case here on writ of error.

It is insisted that the demurrer to the declaration, should have been sustained, because it omits the usual *ad damnum* clause. The following statement, however, does appear at the beginning of the declaration, viz: "Kate Jenkins, a seamstress and dressmaker, complains of J. W. Montgomery, who has been duly summoned to answer the plaintiff of a plea of trespass on the case, to recover against him the sum of Ten Thousand Dollars, ($10,000.00,) damages."

It is insisted that that statement is simply a recital of the contents of the summons, and is not an averment of damages. But whether it should be regarded as an averment, or as a recital, is not material, because, in our opinion, it is a sufficient compliance with the rules of pleading. It informs defendant of the amount of damages claimed. The purpose of the *ad damnum*

clause is to inform defendant of the amount of damages demanded, and that is accomplished by the statement above quoted. The more orderly arrangement in pleading ·is to state the amount of damages at the conclusion, but that is only matter of form. It is immaterial in what part of the declaration the *quantum* of damages may appear. The amount of damages is not a traversable fact necessary to be averred like other facts which constitute the very gist of the action. General damages is a conclusion of law to be drawn from facts, averred and proven, which constitute the cause of action. The jury, of course, determine the amount, but they do so from proof of other facts, and not because the declaration lays any particular sum. Says Chitty, in volume I, (16th ed.), page 411: "General damages are such as the law implies or presumes to have accrued from the ʼwrong complained of." And again on the same page he says: "It does not appear necessary to state the formal description of damages in the declaration, because presumptions of law are not in general to be pleaded or averred as facts." See also Hogg's Pl., sec. 133.

It is well settled that after verdict reference may be made to the writ to supply the failure to lay damages in the declaration. *Hook* v. *Turnbull,* 6 Call 85; *Digges* v. *Norris,* 3 H. & M. 268; *Palmer et als.* v. *Mill. Id.* 502. See also opinion of Judge BRANNON in *Clarke* v. *Railroad Co.,* 39 W. Va., at page 739. In *Palmer et als* v. *Mill, supra,* the verdict was for more damage than was laid in the declaration, but less than the writ demanded, and the court read the writ to support the verdict. Now, if after verdict the ʼwrit is properly regarded as a part of the record, to support the verdict, why may it not be so regarded on demurrer to sustain the declaration? Is not the laying of damages in the declaration mere formal matter? Is it not a statement of a legal conclusion, and not, therefore, an indispensable averment? Our conclusion is that it is sufficient if it appear in the declaration in any form. It can serve to give defendant no information not furnished by the writ itself, and need not be stated in the form of an averment.

The cases of *Lomax* v. *Hord,* 3 H. & M. 272; *Moore's Admr.* v. *Bell's Admr. Id.* 127; *McDonaghe* v. *Rankin,* 4 Munf. 261; and *Spiker* v. *Bohrer,* 37 W. Va. 258, to which our attention has been called, do not govern this case. The decisions in thóse cases

involved the question of pleading as it relates to matters of fact constituting the very gist of the action, while the present case involves only the manner of pleading damage, a conclusion of law, and not a fact essential to the cause of action. The declaration is also good in other respects. It avers facts which, if true, give plaintiff right of action.

Plaintiff's theory of her case, is that defendant, who was in the plumbing business, contracted with one Pickney to put the plumbing in a certain house which Pickney was having built in the town of Montgomery, and also to lay the pipe connecting the same with the water main in the street; that a ditch to receive the pipe was dug across one of the public streets, by defendant's employee, acting under express, or implied directions, and was left open, with no sign of warning for a number of days; and that plaintiff, without negligence, was going along the street in the night time and fell into it and was injured. It is sufficient to say that plaintiff's evidence supports this theory, and, notwithstanding the testimony of defendant, and some of his witnesses, conflicts with portions of plaintiff's evidence, the jury are the judges as to the credibility of witnesses and the weight and importance to be given to their testimony, and the law justified their verdict.

It is well settled law that, if one is injured as the direct result of the negligence of a servant, or agent, in the performance of an act within line of his duty, and the scope of his employment, the master, or principal, is liable. Defendant did the work for Pickney, by contract which included the digging of the ditch. Pickney paid defendant for the entire job, and defendant paid Brown for digging the ditch. From these facts the jury had the right to infer that Brown dug the ditch under the implied directions of defendant. Brown had been working for defendant, by the day, for a number of years, and had done similar work without express directions from defendant, when he knew it was to be done. That Pickney may have told Brown where to dig the ditch, in order to connect the water pipe with the main in the street, cannot affect the case. Brown was not the servant of Pickney. Pickney did not employ him, and, of course, could not discharge him, and he had no right to control his actions. These are the principal tests to determine whether, or not, the relation of master and servant exists. Defendant did employ

Brown, paid him for the work, had the power to direct his actions, and could have discharged him.

A number of instructions were given for plaintiff which are objected to. It is useless to discuss them *seriatim*, as their propriety is shown by the law which we have above said is applicable to the case. Particular objection is made to instruction No. 10 which deals with the facts which the jury may consider in determining the *quantum* of damages. It is insisted that it is erroneous, because it assumes that plaintiff is entitled to recover damage in any event. This objection would be well founded, if the jury had not been otherwise instructed concerning the facts necessary to be proven in order to give plaintiff a right to recover at all. No. 10 deals with the single matter of the measure of damages, and it is not proper to segregate it from other instructions, and read it as if it stood alone. Plaintiff's No. 6 clearly propounds to the jury the state of facts which it is necessary that they must believe to be supported by evidence, before they can find a verdict in favor of plaintiff for any amount. The two instructions, 6 and 10, should be read together. So read, they correctly state the law applicable to the case.

The court refused to give instructions Nos. 3, 4 and 5, for defendant, and that ruling by the court is the subject of complaint. Those instructions would have told the jury that Pickney was liable, because he owned the property for the improvement of which the ditch was dug, that it was Pickney's duty to keep the ditch covered, or guarded. That is not the law of this case. As the town was supplied with a water system, and one of the water mains ran through the street opposite the house, it must be presumed that the opening of a ditch in the street to connect the piping from his house with the water main, was the exercise of a lawful right. The execution of a lawful right, in a reasonably safe and proper manner, cannot be regarded as a nuisance. The digging of the ditch, in itself, was not an unlawful act, and, therefore, the opening of the ditch was not, *per se*, a nuisance. If the work is lawful, and injury results from the negligent manner of its performance, liability rests upon him who has charge of the work and the right to direct the manner in which it shall be performed. That person, in the present case, the jury must have believed, as they had a right to do from the evidence, was defendant. His servant was neg-

ligent in not keeping the ditch covered, or in not keeping the public warned of its danger by some proper signal, and the law attributes his negligence to his employer. That he covered the ditch with boards, as soon as he finished digging it, is not sufficient to relieve from liability. He should have kept it covered, or properly guarded, until the earth was replaced. It was not covered, or guarded, when plaintiff fell into it.

There is an error in the amount of the judgment. It exceeds the verdict by twenty-five dollars. That being below the appealable amount, it does not call for a reversal, but the error appearing by the record, and this Court having jurisdiction of the cause on writ of error granted upon other assignments of error, we will correct the judgment so as to make it conform to the verdict, and it will then read eight hundred and fifty dollars, instead of eight hundred and seventy-five dollars. The statute authorizing the correction of such error by the court below, upon application to it, does not deny jurisdiction to this Court to correct it, when the cause is properly before us on other assignments of error.

As so modified and corrected, the judgment will be affirmed.

*Modified and Affirmed.*

POFFENBARGER, JUDGE, *(dissenting):*

Regarding the declaration as fatally defective on demurrer, I dissent. What is treated as an *ad damnum* clause is plainly only an introductory recital, descriptive of the action and the parties. It is not an averment of damages at all and does not purport to be.

As damages constitute the very gist of the action in trespass on the case, I think the *ad damnum* clause is indispensable, unless waived by failure to demur. It is like the promise in *assumpsit.* Although the declaration states facts from which the law raises a promise, the allegation of the promise cannot be omitted. *Grover* v. *Railroad Co.,* 53 W. Va. 103; 4 Min. 697. "It is true that in *evidence* the law in many cases implies, from certain facts, that a promise has been made; but in *pleading* the supposed promise itself should be alleged." 1 Chitty Pl. (11 Am. Ed.) 301. Similarly, though damages will be implied from certain facts as matter of evidence, it must be alleged as a fact in pleading.