534 S.E.2d 20

Callen BRYAN and Charlotte Bryan,
Plaintiffs Below, Appellants,

v.

WESTFIELD INSURANCE COMPANY,
Defendant Below, Appellee.

No. 26737.

Supreme Court of Appeals of
West Virginia.

Submitted March 21, 2000.

Decided July 7, 2000.

Louis J. John, Esquire, Joseph J. John, Esquire, John Law Offices, Wheeling, West Virginia, Attorneys for Appellants.

Mark R. Lane, Esquire, Melvin L. Moser, Esquire, Scott A. Andrews, Esquire, Gorr, Moser, Dell & Loughney, Pittsburgh, Pennsylvania, Attorneys for Appellee.

PER CURIAM:

This is an appeal by Callen Bryan and Charlotte Bryan, his wife, from an order of the Circuit Court of Ohio County granting the appellee, Westfield Insurance Company, summary judgment in an action brought by the appellants to recover counsel fees and other damages from the appellee for the failure of the appellee to settle an insurance claim promptly and in good faith. The circuit court granted Westfield Insurance Company summary judgment on the ground that the appellants had not substantially prevailed in their underlying action and that, as a consequence, the appellants were not legally entitled to the fees and damages which they sought. On appeal, the appellants claim that they did substantially prevail, or in the alternative, the evidence shows at the very least there was a basis for a jury to conclude that they had substantially prevailed, and that under the circumstances, summary judgment was inappropriate.

## I.

### FACTS

The appellant, Callen Bryan, was injured in an automobile accident on May 15, 1996, when his vehicle was struck by a vehicle being negligently operated by Albert Dobrovich. Mr. Dobrovich had an insurance policy with Dairyland Insurance Company, which had a policy limit of $20,000. The appellants, Mr. Bryan and his wife, maintained an insurance policy with the appellee, Westfield Insurance Company, which contained an underinsured motorist provision with a policy limit of $300,000.

Following the accident, the appellants filed a civil action in the Circuit Court of Ohio County against Tom and Albert Dobrovich, the operator and owner of the vehicle which injured Callen Bryan. Approximately three months later, on September 4, 1997, the Dobroviches' insurance carrier, Dairyland Insurance Company, offered to settle the appellants' claim for $20,000, the limit of the Dobroviches' policy. Because the appellants had underinsurance coverage with their own insurance company, the appellee, Westfield Insurance Company, the appellants sought and obtained the consent of Westfield Insurance Company to the settlement. The consent was provided by letter dated September 16, 1997.

After settling with the Dobroviches and Dairyland Insurance Company, the appellants requested that their own carrier, Westfield Insurance Company, pay them an additional sum under their underinsured motorist coverage. Initially, they did not demand a particular dollar amount, and instead of settling immediately, counsel for Westfield Insurance Company requested that a complete MRI report be provided, as well as certain other medical records.

In spite of the fact that the requested medical records had not been provided, on October 21, 1997, Westfield Insurance Company offered to settle the appellants' claim for $15,000. The appellants rejected that offer.

Subsequently, on November 7, 1997, Westfield Insurance Company served discovery upon the appellants seeking among other things medical records relating to Callen Bryan's injuries, and on December 8, 1997, specifically requested Callen Bryan's complete MRI report.

On March 12, 1998, Westfield Insurance Company again requested medical records, and on March 20, 1999, presented a motion to compel the production of the records. Following the filing of the motion to compel, the appellants' counsel indicated that there were no past medical records and that a new MRI showed nerve impingement stemming from Callen Bryan's injury.

After receiving this information, Westfield Insurance Company, on March 20, 1998, raised its settlement offer to $47,500. The appellants rejected this offer on April 6, 1998, and on May 5, 1998, for the first time made a specific demand, a demand for $200,000. Three days later, on May 8, 1998, Westfield Insurance Company made a counteroffer for $75,000. On May 12, 1998, the appellants rejected Westfield's $75,000 offer, and demanded $180,000. On May 18, 1998, the parties agreed to settle for $132,000.

In pursuing the sums to which they believed they were entitled due to their underinsured motorist coverage, the appellants sued their carrier, Westfield Insurance Company, claiming, in effect, that Westfield Insurance Company had not acted in good faith in attempting to effectuate a prompt, fair, and equitable settlement of their claim. Westfield Insurance Company ultimately moved for summary judgment in this action, and by order dated June 9, 1999, the circuit court granted the motion. In that order, the court found that:

> The uncontroverted evidence in this case is that it was March 12, 1998 when Dr. Kelly's MRI, for the first time, revealed that there was nerve impingement of the bulging discs previously reported on other MRIs. Once the defendant had the medical report, it was able to determine not only liability but also the damages and from that point forward it was obligated to make a prompt and fair offer of settlement. The record is clear that within eight days of receiving that information from the plaintiff, the defendant more than

tripled its offer from $15,000 to $47,500. Some 35 days later, the plaintiff made its first demand for a set figure, which was $200,000. The defendant replied within three days by making an offer of $75,000. The plaintiff responded with a counter proposal on May 12 of $180,000 and six days later on May 18 the matter settled for $132,500.

Based on the evidence, this Court cannot find that the defendant failed to meet its duty to promptly conduct a reasonable investigation of the policyholder's loss based on all available information. The Court further finds that this action was not settled for an amount equal to or approximating the amount claimed by the insured when they made their initial demand of $200,000.

It is from this ruling that the appellants now appeal, claiming that they ultimately substantially prevailed, and that under the law, they are entitled to attorney fees and damages because of the failure of Westfield Insurance Company to settle their underinsurance claim promptly.

## II.

### STANDARD OF REVIEW

In *Burgess v. Porterfield,* 196 W.Va. 178, 469 S.E.2d 114 (1996), this Court indicated that a challenge to a trial court's determination that a plaintiff has or has not "substantially prevailed" in a case such as the one presently before the Court, should be reviewed by this Court under an abuse of discretion standard.

## III.

### DISCUSSION

■ In *Thomas v. State Farm Mutual Automobile Insurance Company,* 181 W.Va. 604, 383 S.E.2d 786 (1989), the Court recognized that an insured was entitled to recover attorney fees and the damages of the type which the appellants seek in the present action when an insured substantially prevails on a claim against his own insurer. The Court further stated in Syllabus Point 2 of the *Thomas* case that:

The question of whether an insured has substantially prevailed against his insurance company on a property damage claim is determined by the status of the negotiations between the insured and the insurer prior to the institution of the lawsuit. Where the insurance company has offered an amount materially below the damage estimates submitted by the insured, and the jury awards the insured an amount approximating the insured's damage estimates, the insured has substantially prevailed.

■ In the present case, the evidence shows that on October 21, 1997, approximately six months prior to the actual settlement of this case, Westfield Insurance Company offered to settle the Bryans' claim for $15,000, considerably less than the limit on the Bryans' underinsured motorist coverage. That offer was made, however, before Westfield Insurance Company was totally informed of the nature of Callen Bryan's medical condition, and a considerable time before Westfield Insurance Company was aware of the fact that Callen Bryan had suffered nerve impingement as a result of the accident. On March 20, 1988, after receiving actual medical records, Westfield Insurance Company upped its settlement offer to $47,500.

The Bryans did not actually demand a specific amount for their claim until May 5, 1998, when they demanded $200,000. Within three days, Westfield Insurance Company offered $75,000. On May 12, 1998, the Bryans reduced their demand to $180,000, and finally, on May 18, 1998, the case settled for $132,500.

A fair reading of the record in this case shows that Westfield Insurance Company did not have the complete medical facts relating to the Bryans' claim until the middle of March 1998. The company promptly made a settlement offer, and the Bryans did not make their first specific demand until May 5, 1998. Less than two weeks later, the case settled for $132,500. The amount which the Bryans ultimately received was only 66.25 percent of what they initially demanded.

Westfield Insurance Company did settle the appellants' claim within two weeks after the appellants made a specific demand, and, in fact, Westfield Insurance Company began negotiating promptly by making the Bryans a counteroffer within three days after the Bryans made their first specific demand. Further, it appears that negotiations continued until an ultimate settlement was reached, and the ultimate settlement was one-third less than the Bryans had initially demanded.

In view of the nature of the record, this Court cannot conclude that the trial judge abused his discretion by concluding that the Bryans had not substantially prevailed and by awarding Westfield Insurance Company summary judgment in the present case.

The judgment of the Circuit Court of Ohio County is, therefore, affirmed.

Affirmed.

Justice McGRAW dissents.