618 S.E.2d 573

**William E. JONES, Plaintiff Below, Appellant,**

v.

**Steven L. SANGER and State Farm Mutual Automobile Insurance Company, Defendants Below, Appellees.**

No. 32048.

Supreme Court of Appeals of West Virginia.

Submitted May 11, 2005.

Decided July 7, 2005.

Dissenting Opinion of Justice Starcher July 12, 2005.

Concurring Opinion of Justice Davis July 26, 2005.

Ralph C. Young, Hamilton Burgess Young Pollard Hewitt & Salvatore, P.L.L.C., Fayetteville, for Appellant.

Gary E. Pullin, Woody A. Trent, Pullin, Fowler & Flanagan, P.L.L.C., Charleston, for Appellees.

PER CURIAM:

This matter is before the Court on appeal from the March 5, 2004, Order of the Circuit Court of Fayette County denying Plaintiff's Motion for Award of Attorney Fees and Plaintiff's Motion for Leave to Amend the Complaint. This Court has before it the petition for appeal, the response to the petition for appeal, the briefs of the parties, and all matters of record. Following the arguments of the parties and a review of the record herein, this Court finds that existing case law supports the position of the Appellee over that of the Appellant. Accordingly,

we affirm the March 5, 2004, Order of the circuit court denying Plaintiff's Motion for Award of Attorney Fees and Plaintiff's Motion for Leave to Amend the Complaint.

## I.

## FACTS

On January 21, 1992, Appellant William E. Jones was a guest passenger in the back seat of a vehicle owned and operated by his father, Woodrow W. Jones. William's mother, Edith Jones, was a passenger in the front seat of the vehicle. The Jones vehicle was proceeding in an easterly direction on West Virginia Route 612 in Fayette County while a vehicle driven by Appellee Steven L. Sanger was proceeding in a westerly direction on the same road. Sanger crossed the center line and struck the Jones vehicle head-on after losing control of his vehicle.

Edith Jones died while trapped in the vehicle. William and Woodrow Jones were also trapped in the vehicle, and each suffered injuries. Specifically, William Jones' knee caps were shattered. William Jones, who was 39 years old at the time of the accident, has suffered from cerebral palsy all of his life and lived with his parents, who cared for him. Up until the time of the accident, William's legs were atrophied such that his knees were locked in a semi-flexed position. After his knee caps were shattered in the accident, William's legs were locked in an even more flexed position. He required extensive care and was confined to his home for a period of months. His medical bills and attendant care expenses were $4415.80.

Sanger, who was insured by Aetna, had a $50,000 single limit liability policy. A settlement was reached, and that money was apportioned between William Jones, Woodrow Jones, Woodrow Jones as the administrator of the estate of Edith Jones, and a guest passenger in Sanger's car. Each party received $12,500. State Farm, the Joneses' insurer and carrier of their underinsured motorist coverage policy, waived subrogation.

The Joneses and State Farm engaged in settlement talks beginning in December of 1992 when the Joneses made a demand for the policy limits of $850,000. State Farm asserts that it understood the demand to include all claims by the Jones family, including those of William Jones for his personal injuries. State Farm eventually made an offer of $287,500 to settle the wrongful death case and $62,500 to settle both the personal injury claims of Woodrow and William Jones. The Joneses rejected the offer.

Woodrow Jones eventually settled his individual claim and his claim on behalf of the estate of Edith Jones for underinsured motorist benefits with State Farm. William Jones (hereinafter "Jones") was not able to reach a settlement agreement with State Farm, however, and he filed suit in the Circuit Court of Fayette County on January 18, 1994, naming Sanger and State Farm as defendants. He sought $250,000 in damages.

In August of 1994, State Farm offered $12,500 to settle all claims with Jones, including any bad faith or unfair settlement practices claims. On December 19, 1994, counsel for Jones inquired by letter as to whether the offer for $12,500 was to settle Jones' personal injury claims or his personal injury claims and any claims for bad faith and unfair settlement practices. State Farm replied that the offer was made to settle all claims. Jones countered that he wished to entertain an offer to settle his personal injury claim only. On January 5, 1995, State Farm offered $12,500 to settle Jones' personal injury claim. The offer was not accepted. State Farm was eventually dismissed as a defendant to the suit.

The case against Sanger proceeded to trial on May 7, 1996, following which a verdict was entered in favor of Sanger. Jones thereafter filed a motion for a new trial, but the motion was denied. Jones then appealed, and on December 15, 1998, this Court reversed and remanded the case for a new trial, finding multiple errors which included the dismissal of State Farm as a defendant.[1] The case was not tried a second time, however, because the parties embarked upon extensive settlement talks.

---

1. *Jones v. Sanger,* 204 W.Va. 333, 512 S.E.2d 590 (1998).

On November 9, 1999, Jones and State Farm entered into their first mediation, which failed. On February 19, 2002, State Farm issued a check in the amount of $25,000 made payable to Jones. The note accompanying the check made it clear that the payment was to be applied to any future settlement of the underinsured motorist claim.

A second mediation began on June 2, 2003. Jones initially demanded $150,000 in addition to the $25,000 previously paid to him by State Farm. State Farm offered $64,000, which Jones and the mediator believed to be "new money" in addition to the previously paid $25,000, but which State Farm intended to include the previously paid $25,000. Jones accepted what he believed to be the offer of $64,000 in addition to the $25,000 previously paid. He indicated that he intended for the settlement only to resolve his personal injury claims. The mediation broke down, however, when State Farm asserted that it had not intended to offer the $64,000 as new money after all. Jones filed a Motion to Compel Settlement on June 16, 2003. Jones asserts that the trial court rejected the motion finding that there had been no meeting of the minds.[2] The mediator thereafter submitted a letter to the circuit court suggesting that a settlement conference with the court might be helpful to resolve the matter, but no such conference ever took place. Nonetheless, Jones and State Farm eventually settled Jones' personal injury claim for a total of $76,500, which represented the $25,000 previously paid by State Farm to Jones plus $51,500 in new money.

Thereafter, on September 2, 2003, Jones filed Plaintiff's Motion for Award of Attorney Fees and Plaintiff's Motion for Leave to Amend the Complaint. Jones asserted in his motion that he had substantially prevailed in the matter, thereby entitling him to attorney fees in the presumptive amount of one-third of the amount paid under the policy, plus costs. He further asked that he be allowed to amend his complaint to include claims for consequential damages, such as annoyance,

aggravation, and inconvenience; unfair claims settlement practices; and breach of the duty of good faith and fair dealing.

State Farm argued that given the totality of negotiations dating back to 1992, Jones did not substantially prevail. State Farm made no objection in its response to the Motion for Leave to Amend the Complaint.

A hearing regarding the motions was conducted on September 29, 2003. During that hearing, State Farm stated that, under the standard that leave to amend should be freely given, it had no objection to Jones amending the complaint. The court then expressly stated, "All right. The plaintiff has the court's approval to amend the complaint. It will be addressed after it's amended and counsel knows what it is."

An order addressing the motions was not issued until March 5, 2004. In that order, the court concluded that under *Jordan v. National Grange Mutual Ins. Co.*, 183 W.Va. 9, 393 S.E.2d 647 (1990) and *Miller v. Fluharty*, 201 W.Va. 685, 500 S.E.2d 310 (1997), Jones had not substantially prevailed in the case and, therefore, was not entitled to recover attorney fees. The court then found that because Jones had not substantially prevailed in the case, the claims which he sought to assert in an amended complaint were moot. Accordingly, the court denied Plaintiff's Motion for Award of Attorney Fees and Plaintiff's Motion for Leave to Amend the Complaint.

Jones now appeals the court's ruling, arguing that the court erred in finding that he did not substantially prevail such as would entitle him to recover his attorney fees and that the court erred by denying the motion to amend the complaint after initially granting the motion.

## II.

### STANDARD OF REVIEW

■ This Court has indicated that it will review a trial court's determination of whether a plaintiff has "substantially prevailed" in

---

**2.** No Order of the court to that effect can be found in the record; however, State Farm does not dispute Jones' assertion.

an insurance claim, such as the one presently before the Court, under an abuse of discretion standard. *See generally,* Syl. Pt. 4, *Burgess v. Porterfield,* 196 W.Va. 178, 469 S.E.2d 114 (1996). This Court has also held that " ' "[a] trial court is vested with a sound discretion in granting or refusing leave to amend pleadings in civil actions. Leave to amend should be freely given when justice so requires, but the action of a trial court in refusing to grant leave to amend a pleading will not be regarded as reversible error in the absence of a showing of an abuse of the trial court's discretion in ruling upon a motion for leave to amend." Syl. Pt. 6, *Perdue v. S.J. Groves and Sons Co.,* 152 W.Va. 222, 161 S.E.2d 250 (1968).' Syl. Pt. 5, *Poling v. Belington Bank, Inc.,* 207 W.Va. 145, 529 S.E.2d 856 (1999)." *Boggs v. Camden–Clark Memorial Hosp. Corp.,* 216 W.Va. 656, 609 S.E.2d 917 (2004). Accordingly, we will review this case respecting that the trial court's decision is "protected by the parameters of sound discretion." *Parker v. Knowlton Construction Company, Inc.,* 158 W.Va. 314, 329, 210 S.E.2d 918, 927 (1975).

### III.

### DISCUSSION

■ Jones' first assignment of error is that the trial court erred in finding that he did not "substantially prevail" such as would entitle him to recover his attorney fees in the prosecution of his underinsured motorist claim. "Whenever a policyholder substantially prevails in a property damage suit against its insurer, the insurer is liable for: (1) the insured's reasonable attorneys' fees in vindicating its claim; (2) the insured's damages for net economic loss caused by the delay in settlement, and damages for aggravation and inconvenience." Syl. Pt. 1, *Hayseeds, Inc. v. State Farm Fire & Cas.,* 177 W.Va. 323, 352 S.E.2d 73 (1986). *See,* Syl. Pt. 2, *McCormick v. Allstate Ins. Co.,* 197 W.Va. 415, 475 S.E.2d 507 (1996); Syl. Pt. 1, *Miller v. Fluharty,* 201 W.Va. 685, 500 S.E.2d 310 (1997); Syl. Pt. 1, *Richardson v. Kentucky Nat. Ins. Co.,* 216 W.Va. 464, 607 S.E.2d 793 (2004). More particularly, the Court has ruled:

When a policyholder of uninsured or underinsured motorist coverage issued pursuant to W. Va.Code, 33–6–31(b) substantially prevails in a suit involving such coverage under W. Va.Code, 33–6–31(d), the insurer issuing such policy is liable for the amount recovered up to the policy limits, the policyholder's reasonable attorney fees, and damages proven for aggravation and inconvenience. Syl. Pt. 6, *Marshall v. Saseen,* 192 W.Va. 94, 450 S.E.2d 791 (1994).

■■ The first hurdle to clear is whether Jones substantially prevailed in the settlement of his claim. This Court has held that:

[a]n insured 'substantially prevails' in a property damage action against his or her insurer when the action is settled for an amount equal to or approximating the amount claimed by the insured immediately prior to the commencement of the action, as well as when the action is concluded by a jury verdict for such an amount. In either of these situations the insured is entitled to recover reasonable attorney's fees from his or her insurer, as long as the attorney's services were necessary to obtain payment of the insurance proceeds. Syl. Pt. 1, *Jordan v. National Grange Mut. Ins. Co.,* 183 W.Va. 9, 393 S.E.2d 647 (1990). *See,* Syl. Pt. 2, *Hadorn v. Shea,* 193 W.Va. 350, 456 S.E.2d 194 (1995); Syl. Pt. 3, *Burgess v. Porterfield,* 196 W.Va. 178, 469 S.E.2d 114 (1996); Syl. Pt. 2, *Miller v. Fluharty,* 201 W.Va. 685, 500 S.E.2d 310 (1997); Syl. Pt. 4, *Richardson v. Kentucky Nat. Ins. Co.,* 216 W.Va. 464, 607 S.E.2d 793 (2004). *See also,* Syl. Pt. 2, *Thomas v. State Farm Mutual Automobile Insurance Company,* 181 W.Va. 604, 383 S.E.2d 786 (1989); Syl., *Bryan v. Westfield Ins. Co.,* 207 W.Va. 466, 534 S.E.2d 20 (2000).

*Miller* further explains that "[w]hether a policyholder has substantially prevailed is determined by looking at the totality of the policyholder's negotiations with the insurance carrier, not merely the status of negotiations before and after a lawsuit is filed." *Miller,* 201 W.Va. at 696, 500 S.E.2d at 321.

Jones acknowledges that he did not make a demand to settle his claim separate from

his father and the estate of his mother prior to the initiation of this suit. At that time, counsel for Woodrow Jones, the estate of Edith Jones, and William Jones made a global demand for the policy limit of the underinsured motorist coverage, which was $850,000. After the suit was filed, the parties exchanged global offers and demands for settlement. Eventually, State Farm settled the claims of Woodrow Jones and the estate of Edith Jones.[3] State Farm asserts that after the settlement of the claims of the elder Joneses, William Jones made a demand for the remainder of the policy limits, or $400,000. Jones disputes that assertion.

Nonetheless, what is clear is that Jones' complaint contains an *ad damnum* clause in the amount of $250,000. Jones argues, though, that he should not be held to that figure as a measure of demand. He asserts that this Court does not hold plaintiffs to an *ad damnum* clause for any other reason. *See, State ex rel Board of Education v. Spillers,* 164 W.Va. 453, 259 S.E.2d 417 (1979) (allowing an *ad damnum* clause to be amended post-verdict to conform with the verdict); *State ex rel Strickland v. Daniels,* 173 W.Va. 576, 318 S.E.2d 627 (1984) (the value of a law suit is not determined by the *ad damnum* clause). However, as State Farm points out, Jones has clearly overlooked the fact that this Court has stated, "[T]he purpose of the *ad damnum* clause, or the amount sued for, as contained in the complaint, is merely *to inform the defendant of the amount of damages demanded* and is not considered proof of any injury or of liability. *Jenkins v. Montgomery,* 69 W.Va. 795, 72 S.E. 1087; *Natale v. Great Atlantic & Pacific Tea Co.,* 8 A.D.2d 781, 186 N.Y.S.2d 795." *Ferguson v. R.E. Ball & Co.,* 153 W.Va. 882, 887, 173 S.E.2d 83, 86 (1970) (emphasis added).

The Court believes, then, that Jones' first demand on his separate and individual claim under the underinsured motorist coverage was $250,000. The parties agree that State Farm's first offer was $12,500.[4] Thereafter, the parties first came together for mediation in November of 1999. At that time, Jones demanded $150,000 while State Farm offered $60,000. The parties could not bridge the gap, and the mediation failed. A second mediation in 2003 likewise failed when Jones demanded $89,000[5] (for his personal injury claim only) while State Farm offered only $64,000.[6] The parties eventually settled Jones' personal injury claim for $76,500.

Jones makes a blanket assertion that, given the totality of the circumstances, he substantially prevailed in the settlement. State Farm counters that Jones did not substantially prevail considering that it did not have a duty to offer monies for Jones' questionable claims of special damages, including negligent infliction of emotional distress (for which there was no medical documentation introduced until the disclosure of a psychiatrist as a witness in 2002) and medical and attendant care expenses totaling $4415.80.

We cannot conclude that the circuit court acted improperly or abused its discretion in concluding that Jones did not substantially prevail. In the final assessment of the settlement, the case was not "settled for an amount equal to or approximating the amount claimed by the insured immediately prior to the commencement of the action;" therefore, Jones did not "substantially prevail." *See, Jordan* at Syl. Pt. 1. Because Jones did not substantially prevail in the settlement of his claim, he is not entitled to his attorney fees.

Jones' second assignment of error is that the trial court erred by denying his motion to amend the complaint to allege extra contractual damage claims against State Farm. In a hearing on Jones' motion for attorney fees and motion to amend the complaint, the court initially indicated that it would allow Jones to amend the complaint. However, after ruling that Jones had not substantially prevailed in the case, the court determined that the motion to amend the complaint was moot.

■ Jones argues that the court's finding that he had not substantially prevailed in the

---

3. The estate of Edith Jones settled for $325,000, and Woodrow Jones settled for $125,000.

4. State Farm's initial offer of $12,500 was an offer to settle any and all claims.

5. This amount included the $25,000 payment previously made to Jones by State Farm in February of 2002.

6. This amount also included the $25,000 payment previously made to Jones by State Farm.

case does not moot all potential first-party claims that he might have. Jones points out this Court's holding in Syl. Pt. 5, *Slider v. State Farm Mut. Auto. Ins. Co.*, 210 W.Va. 476, 557 S.E.2d 883 (2001):

> Where an insured has previously brought a claim for consequential damages under *Marshall v. Saseen*, 192 W.Va. 94, 450 S.E.2d 791 (1994), and a final judgment has been entered with respect to such claim, the insured is not thereby precluded under principles of *res judicata* or claim preclusion from bringing a subsequent action asserting causes of action predicated upon a defendant insurer's alleged bad faith or other intentional misconduct in the course of settling the insured's policy claim.

However, the circuit court did not bar an amendment to the complaint on res judicata or collateral estoppel grounds. Consequently, *Slider* is not applicable.

As State Farm points out, trial courts are given great latitude when it comes to the amendment of pleadings:

> A trial court is vested with a sound discretion in granting or refusing leave to amend pleadings in civil actions. Leave to amend should be freely given when justice so requires, but the action of a trial court in refusing to grant leave to amend a pleading will not be regarded as reversible error in the absence of a showing of an abuse of the trial court's discretion in ruling upon a motion for leave to amend. Syl. Pt. 6, *Perdue v. S.J. Groves and Sons Co.*, 152 W.Va. 222, 161 S.E.2d 250 (1968). See, Syl. Pt. 5, *Poling v. Belington Bank, Inc.*, 207 W.Va. 145, 529 S.E.2d 856 (1999); Syl. Pt. 1, *Boggs v. Camden–Clark Memorial Hosp. Corp.*, 216 W.Va. 656, 609 S.E.2d 917 (2004).

Furthermore, while trial courts should be liberal in granting leave to amend pleadings,

> [t]he liberality allowed in the amendment of pleadings pursuant to Rule 15(a) of the West Virginia Rules of Civil Procedure does not entitle a party to be dilatory in asserting claims or to neglect his or her case for a long period of time. Lack of diligence is justification for a denial of leave to amend where the delay is unreasonable, and places the burden on the moving party to demonstrate some valid rea-

son for his or her neglect and delay. Syl. Pt. 3, *State ex rel. Vedder v. Zakaib*, No. 32226, 2005 WL 1208709 (W.Va., May 16, 2005).

As Jones points out several times in his brief, this case has been in litigation for over ten years. Yet Jones waited until after the settlement of his claims to seek leave to amend his complaint. If there were, in fact, acts of bad faith or unfair settlement practices on the part of State Farm, surely Jones is not only just now learning of them. In view of the delay in this case, we cannot say that the circuit court abused its discretion pursuant to Rule 15(a) in denying Jones' motion to amend the complaint.

## IV.

## CONCLUSION

Accordingly, and respecting that the trial court's decision is "protected by the parameters of sound discretion," this Court holds that the trial court did not abuse its discretion in ruling that Appellant has not substantially prevailed in this case and in denying his motion for attorney's fees. We further hold that the trial court did not abuse its discretion in denying Appellant's motion to amend the complaint to include claims for consequential damages, such as annoyance, aggravation, and inconvenience; unfair claims settlement practices; and breach of the duty of good faith and fair dealing.

Affirmed.

Justice DAVIS concurs and files a separate opinion.

Justice STARCHER dissents and files an opinion joined by Chief Justice ALBRIGHT.

STARCHER, J., dissenting:

(Filed July 12, 2005)

I dissent because the trial judge should have allowed the plaintiff to amend his complaint.

The majority opinion is correct in stating that the standard of review for a decision on the amendment of a pleading is an abuse of discretion. But that discretion must be guided by fundamental fairness.

One question the trial court must ask is whether it is fair to the defendant to allow the amendment. In the instant case (as the

majority opinion notably omits mentioning), the defendant *agreed* to the amendment. From the record:

> [Defense Counsel]: Your Honor, with regard to the Motion to Amend, we certainly don't believe that there is any meritorious bad faith action here, but I'd assume that that's a matter really to be determined down the road.
>
> So, as far as Mr. Young amending his complaint to bring a bad faith action, I suppose, under the rules of liberality for amending the complaint, we really don't have much of a position to object. We certainly will vigorously defend any bad faith claim, we do not believe that claim has any merit. But, as I say, I guess that's a matter to be determine down the road.
>
> So, we didn't file anything in opposition because, under Rule 15, I believe it is, for amendments of complaints, those are to be liberally construed and granted. So I suppose it is a matter of Mr. Young filing his complaint and then we will defend it in the manner we believe necessary.
>
> The Court: All right. Plaintiff has the Court's approval to amend the complaint. It will be addressed after it is amended and counsel knows what it is.

Clearly, the defendant agreed that amendment would not be unfair.

Another question to be asked is whether allowing the amendment is necessary to be fair to the plaintiff?

In the instant case, the majority suggests that allowing amendment is not necessary to be fair to the plaintiff because the plaintiff's case had been in litigation for ten years—and thus the plaintiff had been dilatory in waiting until after settlement before making an unfair settlement claim.

This argument defies common sense. It was not until "after settlement" that the plaintiff had completed grounds for an unfair settlement practices claim. In this situation it is entirely necessary—to be fair to the plaintiff—to allow amendment.

I would reverse and remand to allow the plaintiff to amend the complaint. Accordingly, I dissent, and I am authorized to state that Chief Justice ALBRIGHT joins in this separate opinion.

DAVIS, J., concurring:

(Filed July 26, 2005)

I believe the majority opinion is legally sound and the result reached was necessitated by the facts under review. Consequently, I fully concur in the decision reached. I have chosen to write separately in order to express my disagreement with the view set out in the dissenting opinion. The dissent in this case correctly notes that the defendant did not object to an amendment to the complaint.[1] Consequently, the dissent asserts that an amendment should have been allowed. I disagree.

The critical point that is missed by the dissent is that prior to denying the plaintiff's motion to amend, the circuit court had already concluded that the plaintiff had *not* substantially prevailed in the case.[2] *See* op. at 568, 618 S.E.2d at 577 ("The court then found that because Jones had not substantially prevailed in the case, the claims which he sought to assert in an amended complaint were moot."). This Court has previously held that "[i]n order for a policyholder to bring a common law bad faith claim against his insurer, according to *Hayseeds, Inc. v. State Farm Fire & Cas.*, 177 W.Va. 323, 352 S.E.2d 73 (1986) and its progeny, the policy-

---

1. I pause briefly to note that the dissent incorrectly states that "[i]n the instant case (as the majority opinion notably omits mentioning), the defendant *agreed* to the amendment." Dissent op. at 566–567, 618 S.E.2d at 575–576. In fact, the majority opinion did not omit this detail. *See* op. at 568, 618 S.E.2d at 577 ("During that hearing, State Farm stated that, under the standard that leave to amend should be freely given, it had no objection to Jones amending the complaint.").

2. The dissenting opinion does not take issue with the trial court and this Court's determination

that the plaintiff did not substantially prevail. Indeed, the dissenting opinion could not contest this finding in light of the well-settled principal of law governing the issue. This Court has made it abundantly clear that "[a]n insured 'substantially prevails' in a property damage action against his or her insurer when the action is settled for an amount equal to or approximating the amount claimed by the insured immediately prior to the commencement of the action[.]" Syl. pt. 1, in part, *Jordan v. National Grange Mut. Ins. Co.*, 183 W.Va. 9, 393 S.E.2d 647 (1990). In

holder *must first substantially prevail against his insurer on the underlying contract action."* Syl. pt. 5, *Jordache Enters., Inc. v. National Union Fire Ins. Co. of Pittsburgh,* 204 W.Va. 465, 513 S.E.2d 692 (1998) (emphasis added).

I recognize that this court has observed an exception to this rule where the policyholder asserts a claim under the Unfair Trade Practices Act, W. Va.Code §§ 33–11–1 *et seq.* (hereinafter referred to as "the UTPA"). *See Jordache,* 204 W.Va. at 485, 513 S.E.2d at 712 ("We note, however, that the appellants also brought a claim for the violation of the West Virginia Unfair Trade Practices Act, W. Va.Code § 33–11–4(9)(b), (c), (d), (e), and (f). This is not a claim … that rests on substantially prevailing on the underlying contract action."). However, I do not believe that this exception applies in the instant case.

With respect to his motion for leave to amend his complaint,[3] the plaintiff merely asserted that he wished to amend his complaint to:

1. Assert claims for consequential damages, such as annoyance, aggravation, inconvenience as enumerated in *Hayseeds v. State Farm Fire & Casualty Company;*
2. Assert claims for unfair claims settlement practices; and
3. Assert claims for breach of the duty of good faith and fair dealing.

The plaintiff, in his motion for leave to amend his complaint, indicated that he wished to assert common law claims by referring to *Hayseeds v. State Farm Fire & Casualty Co.,* 177 W.Va. 323, 352 S.E.2d 73 (1986), as *Hayseeds* dealt with a common law cause of action. *See, e.g., Jordache,* 204 W.Va. at 484, 513 S.E.2d at 711 ("Our case law is clear that in order for a policyholder to bring *a common law bad faith claim* against his insurer, according to *Hayseeds, Inc. v. State Farm Fire & Cas.,* 177 W.Va. 323, 352 S.E.2d 73 (1986) and its progeny, the policyholder must first substantially prevail against

his insurer on the underlying contract action." (emphasis added)). Moreover, the motion did not further elaborate on the claims, but rather relied solely on the text quoted above. Finally, another possible source for further detail about the nature of the plaintiff's proposed claims was absent as there was no proposed amended complaint attached to the motion. Therefore, in the absence of a defined claim under the UTPA, I find no fault in the circuit court's treatment of the plaintiff's claims as being brought under the common law. Thus, because Mr. Jones did not substantially prevail in his action against State Farm, the circuit court did not abuse its discretion in denying his motion to amend his complaint.

In view of the foregoing, I concur.

---

the instant case, the plaintiff's initial demand was $250,000. However, the plaintiff eventually settled the case for $76,500. Clearly, the plaintiff did not substantially prevail. The dissenting opinion could not disagree with this fact, so it omitted any discussion of the matter.

3. This motion was included as part of a motion titled "PLAINTIFF'S MOTION FOR AWARD OF ATTORNEY FEES AND PLAINTIFF'S MOTION FOR LEAVE TO AMEND THE COMPLAINT." The bulk of the motion addressed the plaintiff's request for attorney's fees.